■ ANTHONY SORANNO et al., Respondents, v. KOPPERS COMPANY, INC., Defendant-Appellant and Third-Party Plaintiff-Respondent. SUN OIL COM-

PANY, Third-Party Defendant-Appellant.— In an action by real estate brokers against Koppers Company, Inc., the seller of real property, to recover commission upon the sale of the property, the seller as third-party plaintiff served a third-party complaint against the buyer, Sun Oil Company, as third-party defendant, on the ground that the buyer represented that no real estate broker had brought about the sale. After trial before a Special Referee, judgment of the Supreme Court, Kings County, was entered December 11, 1958, directing in its first decretal paragraph that plaintiffs recover $10,449.50 from the seller (defendant and third-party plaintiff); and directing in its second decretal paragraph that the said seller recover the same amount from the buyer, the third-party defendant. The seller appeals from so much of the judgment as directs that plaintiffs recover said sum from it (the seller). The buyer appeals from the entire judgment. Judgment modified on the law and the facts by striking out its second decretal paragraph and by substituting therefor a provision dismissing on the merits the third-party complaint of Koppers Company, Inc., third-party plaintiff, against Sun Oil Company, third-party defendant, with costs to said third-party defendant against said third-party plaintiff. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. As so modified, the judgment is affirmed, with costs to plaintiffs against Koppers Company, Inc. With respect to the third-party action, it was neither alleged in the third-party complaint, nor proved at the trial, nor found by the learned Special Referee, that the buyer had agreed to indemnify the seller against liability for the payment of a real estate broker's commission, or that the buyer's representation was fraudulently made, with intent to deceive the seller. Neither did the Referee find that the representation was relied on by the seller, or that it was induced thereby to enter into the contract of sale. Nor, in our opinion, could the evidence adduced have sustained such a finding. Indeed the seller in its brief states it assumes that the buyer actually believed that plaintiffs were not instrumental in the sale of the property. Hence, upon the record presented the judgment insofar as it allows recovery in the third-party action may not be sustained. (Cf. *Kountze* v. *Kennedy*, 147 N. Y. 124; *Reno* v. *Bull*, 226 N. Y. 546.) Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.