■ LANE—REAL ESTATE DEPARTMENT STORE, INC., Appellant, v SAUL MUCHNICK, Respondent.—In an action, *inter alia,* to recover a real estate broker's commission, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Burstein, J.), entered November 28, 1986, which, after a nonjury trial, dismissed its complaint.

Ordered that the judgment is affirmed, with costs.

On July 16, 1980, the defendant Saul Muchnick listed a parcel of real property with the plaintiff (hereinafter Lane), through its representative, Nathan Licht. The plaintiff produced a potential buyer, Harvey Auerbach, but despite meetings over the course of several months, no contract was ever executed. Following the sale of the property on April 3, 1981, to another party, the plaintiff commenced this action to recover a commission. Following a nonjury trial, the court dismissed the complaint.

"[I]t is a well-settled rule in this State that *in the absence of an agreement to the contrary,* a real estate broker will be deemed to have earned his commission when he produces a buyer who is ready, willing and able to purchase at the terms set by the seller" *(Lane—Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42 [emphasis supplied]).

While the initial brokerage agreement between the parties fell within this general rule, they subsequently entered into a written agreement dated March 23, 1981, limiting the defendant's obligation to pay a commission unless title actually closed.

The trial court found, and we agree, that the plaintiff failed to establish its contention that the agreement was executed under duress. This agreement was signed by Nathan Licht, the plaintiff's representative, who testified that he read it and understood its impact. While he also testified that he "thought the defendant was honorable" and that he was under a lot of other pressures and merely wanted to be rid of the pressure, this does not constitute duress so as to void the agreement *(Weinraub v International Banknote Co.,* 422 F Supp 856, 859-860; *Business Incentives Co. v Sony Corp.,* 397 F Supp 63, 69-70; Restatement [Second] of Contracts § 175, comment c). Therefore, the plaintiff is bound by its written agreement that no commission had been earned to that point and would not be earned unless and until title actually closed. Since the defendant never consummated this transaction with Auer-

bach, the buyer produced by the plaintiff, the defendant is not liable for a commission.

Moreover, aside from the plaintiff being barred from recovery by the above agreement, the trial court found, and we again agree, that there was no meeting of the minds between the parties on any of the essential terms of the transaction, other than the price. For that reason as well, no commission was earned *(Kaelin v Warner,* 27 NY2d 352, 355; *Concordant Assocs. v Slutsky,* 104 AD2d 920).

The plaintiff's contention that the defendant acted wrongfully or in bad faith by terminating the negotiations with the prospective purchaser is not supported by the record since no agreement had been reached by the parties *(Kaelin v Warner, supra; Maurice B. Cunningham, Inc. v Denckla,* 96 AD2d 580, *lv denied* 60 NY2d 556). Bracken, J. P., Rubin, Spatt and Sullivan, JJ., concur.