■ BLACKMAN DESTEFANO REAL ESTATE, INC., Respondent, v DAVID A. SMITH et al., Appellants-Respondents, and JAMES F. LENNON et al., Appellants.—Mercure, J. Appeals (1) from an order and judgment of the Supreme Court (Ford, J.), entered August 23, 1988 in Saratoga County, which, inter alia, denied a motion by defendants David A. Smith and Ann Smith for summary judgment dismissing the complaint against them and granted plaintiff summary judgment against said defendants, and (2) from an order of said court, entered November 16, 1988 in Saratoga County, which granted a cross motion by defendants David A. Smith and Ann Smith for summary judgment on their cross claim against defendants James F. Lennon and Adeline Lennon.

Defendants David A. Smith and Ann Smith entered into a written listing agreement with plaintiff, a real estate broker,

in which they engaged plaintiff to secure a purchaser of their home and agreed to pay plaintiff a commission of 6%, later reduced to 5%, of the purchase price. During the period of the listing agreement, plaintiff did obtain prospective purchasers, defendants James F. Lennon and Adeline Lennon, who entered into a written contract to purchase the Smiths' home for $100,000. Just prior to closing and at a time when all contract contingencies had been satisfied, the Lennons withdrew from the contract, advising that Adeline Lennon suffered from agoraphobia, a mental condition which prevented her from moving out of her existing home. In July 1987, Mina Boilard, an associate real estate broker employed by plaintiff, wrote a letter to David Smith in response to complaints which he had made and stated, in part, that "[n]ot placing business first * * * I decided not to pursue a commission in deference to the great amount of empathy I felt for you and the Lennons" and "the absence of [a commission statement] was simply because of compassion—not because I didn't feel I had earned it".

Plaintiff commenced this action against defendants to recover the $5,000 commission which it alleged was due under the listing agreement. In their answer, the Smiths asserted a cross claim against the Lennons, seeking, *inter alia,* indemnification upon the ground that "any damages which may be adjudged against [the Smiths] were caused in whole or in part by the wrongful actions of [the Lennons]". After successfully moving to have the complaint dismissed as to them,[1] the Lennons moved for an order dismissing the indemnity cross claim and the Smiths cross-moved for an order granting summary judgment thereon. Supreme Court denied the motion and granted the cross motion; the Lennons appeal. In addition, the Smiths moved for summary judgment dismissing the complaint and Supreme Court, exercising its authority under CPLR 3212 (b), granted summary judgment in favor of plaintiff; the Smiths appeal.

Initially, we agree with Supreme Court that Adeline Lennon's emotional condition did not render performance of the Lennons' contract with the Smiths impossible as a matter of law. "Impossibility excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible" *(Kel Kim Corp. v Central Mkts.,* 70 NY2d 900, 902; *see, 407 E. 61st Garage v Savoy Fifth Ave. Corp.,* 23 NY2d 275,

---

1. Plaintiff has not appealed Supreme Court's order dismissing the complaint against the Lennons.

281-282). Although Adeline Lennon's inability to move out of her existing home had the likely effect of making performance under the contract burdensome *(see, Kel Kim Corp. v Central Mkts., supra)*, it did not render it impossible. Since financing had been arranged, the Lennons were not precluded from purchasing and then reselling the Smiths' home.

We also agree with Supreme Court's grant of summary judgment in favor of plaintiff against the Smiths. It is fundamental that a real estate broker earns its commission when it produces a buyer who is ready, willing and able to purchase the subject property under the terms offered by the seller *(see, Lane-Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42; *Agency, Broad & Cornelia St. v Lavigne,* 97 AD2d 934, *lv dismissed* 61 NY2d 605). In the absence of an agreement providing to the contrary, the broker's right to compensation is not dependent upon the performance of the realty contract or the receipt by the seller of the selling price *(supra)*. It is undisputed that, at the time they entered into the contract with the Smiths, the Lennons were ready, willing and able to purchase the property. Nor did the claim of waiver bar a grant of summary judgment in favor of plaintiff. A finding of waiver will not be made absent a "clear manifestation of intent" to relinquish a known right *(Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968). We find no such intent. Rather, Boilard's letter represents, at best, an expression of current intent on the part of a real estate salesperson *(see,* Real Property Law § 440 [3]) not to pursue a commission. Significantly, Boilard did not have authority to seek a commission or to release a claim of her corporate principal *(see,* Real Property Law § 442-a; 15 NY Jur 2d, Business Relationships, § 946). In any event, where, as here, the waiver is executory, it may be withdrawn *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184).

Finally, we turn to the issues surrounding the Smiths' cross claim. Although notions of fairness and equity concededly favor a resolution which casts ultimate responsibility for plaintiff's commission upon the Lennons, a defaulting purchaser may not be compelled to indemnify the seller for payment of a realtor's commission in the absence of an express agreement *(see, Soranno v Koppers Co.,* 10 AD2d 889, 890, *affd* 9 NY2d 658; *cf., Warsawer v Burghard,* 234 App Div 346). Moreover, since, as already determined, the $5,000 commission was earned at the time the Smiths and the Lennons entered into the contract of sale, the Smiths' liability for payment of the commission predated and, thus, could not have

been caused by the Lennons' failure to complete the purchase.[2]

Order and judgment entered August 23, 1988 affirmed, without costs.

Order entered November 16, 1988 reversed, on the law, without costs, cross motion by defendants David A. Smith and Ann Smith denied, motion by defendants James F. Lennon and Adeline Lennon for summary judgment granted and cross claim of defendants David A. Smith and Ann Smith dismissed. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.

---

2. Although, under our analysis, there is no need to discuss the provision of the contract of sale permitting plaintiff, in the event of a breach by the Lennons, to retain their deposit and apply it to its commission, we do not disagree with Supreme Court's implicit determination that plaintiff was entitled to retain the $2,000 deposit and apply it toward the Smiths' liability.