■ NORMA REYNOLDS REALTY, INC., Appellant, v JOANNE

WILCZEWSKI et al., Respondents, et al., Defendants.—In an action to recover a real estate broker's commission, the plaintiff appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered September 27, 1988, which, *inter alia,* granted the respondents' motion for summary judgment dismissing the plaintiff's amended complaint and denied the plaintiff's cross motion, *inter alia,* for summary judgment in its favor on its first cause of action.

Ordered that the order is modified, on the law, by deleting the first, third, fifth and sixth decretal paragraphs thereof, and substituting therefor provisions denying the respondents' motion for summary judgment and granting that branch of the plaintiff's cross motion which was for summary judgment on its first cause of action; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

On August 26, 1987, Joanne Wilczewski, one of the sellers of a certain large parcel of real property in Speonk, New York, entered into a six-month brokerage agreement wherein she granted to the plaintiff the exclusive right to sell the parcel. That agreement provided for a commission of 6% of the gross sales price to be paid to the broker "[i]n the event of a sale of said premises during the term of the Agreement". On January 12, 1988 the sellers signed a contract of sale with the buyers, the defendants Elliot Gallin and Michael Holtzman, who made a nonrefundable down payment of $150,000 and agreed to pay $150,000 per year for the next two years and to pay the balance of $1,250,000 at the closing scheduled for January 12, 1991. At issue is whether and when a brokerage commission is due under the terms of the agreement.

We disagree with the Supreme Court that the language of the contract "[i]n the event of a sale" means the passage of title at a closing. "[I]t is a well-settled rule in this State that in the absence of an agreement to the contrary, a real estate broker will be deemed to have earned his commission when he produces a buyer who is ready, willing and able to purchase at the terms set by the seller" *(Lane-Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42; *Lane-Real Estate Dept. Store v Muchnick,* 145 AD2d 469). "At the juncture that the broker produces an acceptable buyer he has fully performed his part of the agreement with the vendor and his right to commission becomes enforcible *[sic]*" *(Hecht v Meller,* 23 NY2d 301, 305; *Levy v Lacey,* 22 NY2d 271, 274). We do not find that the language "in the event of a sale" amounts to "an agreement to the contrary" *(see, Rennert-Diana & Co. v Costarino,* 128

AD2d 691; *Felleman v Von Luckner,* 234 App Div 787). Furthermore, the record indicates that the defendants did not intend that the broker should be deprived of its commission because the closing did not take place within the six months of the brokerage agreement. Upon searching the record, we find there are no issues of law or fact to preclude our granting summary judgment to the plaintiff. Mangano, P. J., Bracken, Kooper and Balletta, JJ., concur.