■ BARBARA STOLEN, Respondent, v BRUAZ REALTY CORPORATION et al., Appellants.—Levine, J. Appeal from an order of the Supreme Court (Dier, J.), entered July 2, 1990 in Warren County, which granted plaintiff's motion for summary judgment.

In May 1988, defendants Howard Urban and Elza Urban (hereinafter collectively referred to as defendants) contacted plaintiff, a licensed real estate broker, regarding listing certain real property located in the Town of Schroon, Essex County, owned by them under the name of defendant Bruaz Realty Corporation (hereinafter Bruaz). Defendants orally contracted with plaintiff, advising that they were asking $500,000

for the property and agreeing to pay an 8% commission. Plaintiff or one of her employees then introduced defendants to Ronald Gasparro and James Brands, two business partners who were interested in purchasing the property. Following negotiations and an unsuccessful bid by Gasparro, plaintiff notified defendants that Gasparro had agreed to pay the $500,000 list price. Subsequently, defendants determined that certain tax consequences of the sale required them to dissolve Bruaz first. However, Gasparro and Brands instead offered to purchase the Bruaz stock and a contract to that effect was drawn up by defendants' counsel. Defendants later rejected and refused to execute that contract, claiming that it did not satisfactorily protect their interests.

In August 1988, the parties met for the purpose of drawing a second contract under which there was to be a cash sale. At that time and over the next two or three weeks of negotiations, they were unable to agree on a closing date, which defendants requested occur before the end of the 1988 tax year. When Gasparro and Brands ultimately agreed to close in 1988, Howard Urban informed plaintiff that he had already arranged to sell to another buyer. That contract, however, eventually fell through.

In late January or early February 1989, defendants contacted Brands to determine whether he was still interested in the property. Shortly thereafter, in March 1989, a written sales contract was executed. Among other things, the contract contained a clause and a rider recognizing the possibility of a claim by plaintiff for a commission and purportedly holding defendants harmless from any such claim.

At some point after signing the contract, Gasparro and Brands commenced an action in Supreme Court, Dutchess County, seeking to set it aside. The court found that no binding contract existed, based upon its determination that there had been no meeting of the minds with regard to the above-described clause and rider. At roughly the same time, plaintiff initiated the instant action seeking her commission. Following discovery, plaintiff moved for summary judgment on her complaint. Supreme Court granted the motion and this appeal followed.

There should be an affirmance. It is firmly established that a broker is entitled to a commission upon procuring a buyer who is ready, willing and able to accept the terms set by the seller (see, Lane—Real Estate Dept. Store v Lawlet Corp., 28 NY2d 36, 42; Blackman DeStefano Real Estate v Smith, 157 AD2d 932, 934). Unless there is an agreement otherwise, the

broker's right to compensation is not conditional upon the performance of the realty contract or receipt by the seller of the selling price *(see, Hecht v Meller, 23 NY2d 301, 305; Blackman DeStefano Real Estate v Smith, supra).* In this case, plaintiff's right to a commission became enforceable, at the very latest, when defendants and Gasparro and Brands executed the written contract in March 1989. At that time, Gasparro and Brands were ready, willing and able to purchase at the $500,000 price defendants had agreed to accept in the listing agreement, and there was clearly a meeting of the minds with respect to all other essential terms customarily encountered in real property sales transactions *(see, Kaelin v Warner, 27 NY2d 352, 355),* including terms of payment and a closing date. Thus, plaintiff had clearly performed her contract under the listing agreement.

Contrary to defendants' position, the decision of Supreme Court, Dutchess County, is not determinative in the instant case *(see, Collins Tuttle & Co. v Ausnit, 95 AD2d 668, 669).* Because plaintiff was neither a party to that prior action nor in privity with any of the parties, she is not bound by the judgment therein *(see, Green v Santa Fe Indus., 70 NY2d 244, 253).* Moreover, a reading of that decision reveals that the court concluded only that the parties had failed to reach an agreement as to who would bear the risk of liability for plaintiff's commission, a term upon which plaintiff's entitlement to a commission did not depend.

We likewise reject defendants' contention that, because they recommenced the negotiations which ultimately led to the executed contract without plaintiff's assistance, plaintiff was not entitled to a commission. Plaintiff's proof in support of her summary judgment motion demonstrated that her efforts were the procuring cause of the contract *(see, Greene v Hellman, 51 NY2d 197, 206)* and defendants have submitted nothing in opposition sufficient to create a question of fact *(cf., Brown, Harris, Stevens v Rosenberg, 156 AD2d 249, 250).*

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.