■ Raymond Pacifico et al., Doing Business as ERA County Acres Realty, Respondents, v Louis A. Plate, Appellant.—Weiss, P. J. Appeal from an order of the Supreme Court (Connor, J.), entered June 10, 1991 in Greene County, which, *inter alia,* granted plaintiffs' motion for summary judgment.

Plaintiffs, who operate a licensed real estate brokerage firm, entered into an agreement with defendant on January 2, 1985 providing for an exclusive sales listing of defendant's single family residence in the Town of Catskill, Greene County. The agreement included the following two clauses: "If during the period of this agreement, or any extension thereof, a transfer, sale or exchange of said property is made or effected or agreed upon with anyone, whomsoever, the Owner agrees to pay the REALTOR 10 percent, as commission for services based upon the selling or exchange price, or if there be none, then said commission be based on the listing price herein specified: Such compensation shall be paid if property is sold, conveyed, or otherwise transferred within 180 days after the termination of this authority or any extension thereof, to anyone with whom agent has had negotiations prior to final termination, provided I have received notice in writing, including the name of prospective purchasers, before or upon termination of this agreement or any extension thereof."

The agreement was extended on June 10, 1985 to run until January 2, 1986. On August 31, 1985, plaintiffs showed the property to Hasen Al Quotob and his wife, introduced the parties and obtained an offer to purchase for $86,000. Unbeknownst to plaintiffs, on June 23, 1986, defendant and Al Quotob executed two written agreements, the first clearly being a contract of purchase and sale of the property for $86,000 and the second a purported option agreement in which defendant granted the Al Quotobs the right to purchase the property for $86,000 until October 1, 1987.* The latter instrument gave the purchasers the right to occupy the premises upon payment of $1,000 per month, the payment of which would be credited toward the purchase price if the option was exercised. On or about June 19, 1987, defendant transferred title to the Al Quotobs for $86,000 "less the rent money already paid". Supreme Court granted plaintiffs' motion for summary judgment on their complaint which alleged breach of contract, finding that a commission was due because the

---

* The contract stated that the downpayment on the signing of the contract was $8,600.

option agreement had been executed prior to the expiration of the 180-day "protection period clause" in plaintiffs' listing agreement notwithstanding that the option to purchase was not exercised until after the listing agreement had expired. This appeal ensued.

Defendant's principal contention is that no sale, transfer or conveyance entitling plaintiffs to a commission occurred during the contract period or any extensions thereof. He further contends that although the lease agreement containing the option clause was executed within the 180-day extension period, it was insufficient to entitle plaintiffs to a commission. Plaintiffs, on the other hand, argue that the execution of the lease containing the option was a sale, conveyance or other transfer contemplated in the exclusive listing agreement.

It has been firmly established that a real estate broker is entitled to a commission upon procuring a buyer who is ready, willing and able to accept the terms set by the seller *(see, Stolen v Bruaz Realty Corp.,* 173 AD2d 927; *see also, Lane— Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42; *Blackman DeStefano Real Estate v Smith,* 157 AD2d 932, 934). However, mere agreement as to price is insufficient *(see, Lubeck Realty v Flintkote Co.,* 170 AD2d 800; *Taibi v American Banknote Co.,* 135 AD2d 810, *lv denied* 72 NY2d 803) and the meeting of the minds of the parties to a real estate contract must relate to all essentials customarily encountered in such a transaction *(Kaelin v Warner,* 27 NY2d 352). The right to a commission is not conditioned upon the full performance of the contract or receipt by the seller of the sale price *(see, Hecht v Meller,* 23 NY2d 301, 305; *Blackman DeStefano Real Estate v Smith, supra).*

These principles in mind, we find that summary judgment was properly granted to plaintiffs. The exclusive listing agreement previously quoted provides that if during the period of the agreement or any extension thereof sale of the property "is made * * * *or agreed upon with anyone, whomsoever"* (emphasis supplied), the owner agrees to pay the commission. Defendant concedes that he entered into two contracts with the Al Quotobs. We hold that one was indisputably a contract to sell and the other an option to purchase containing the right of occupancy until the transfer of title. It cannot be disputed that these two agreements were both executed during the period of plaintiffs' exclusive listing as extended, that plaintiffs had brought the parties together and actively participated in the negotiations, and that title was conveyed to the purchaser. Since the exclusive listing agreement was in effect

when the agreements were executed, and because those agreements were consummated with the conveyance of the property to the purchasers, plaintiffs are entitled to the commission just as if the transfer of title had occurred during the life of the exclusive listing agreement as extended *(see, Century 21— Clifford Realty v Gibson,* 152 AD2d 446). Plaintiffs' proof was sufficient to demonstrate that their efforts were the procuring cause of the sale *(see, Stolen v Bruaz Realty Corp., supra,* at 929; *see also, Greene v Hellman,* 51 NY2d 197, 206).

Mikoll, Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.