■ ANN V. BRODSKY, Doing Business as AB REALTY, Appellant, v ANGELO GAZZOLA et al., Respondents.—Mahoney, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Stolarik, J.), entered December 18, 1990 in Rockland County, which, *inter alia,* granted defendants' cross motion for summary judgment dismissing the complaint.

In September 1986, defendant Angelo Gazzola entered into an open listing agreement with plaintiff, a real estate broker, to sell certain unimproved property owned by Gazzola's corporation, defendant Gazzola Building Corporation (hereinafter the corporation), located in the Town of Haverstraw, Rockland County.[1] With regard to the brokerage commission, the agreement provided, "You agree that if I find a buyer, who is ready, willing and able to buy your property at a price to which you agree, and on terms to which you agree, you will pay me a commission of 7% of the agreed price." Shortly thereafter, plaintiff produced an acceptable purchaser and the purchaser and the corporation entered into a contract of sale. The contract expressly recognized plaintiff to be the procuring cause of the contract and reaffirmed that the commission would be payable pursuant to the terms of the listing agreement. Since the purchaser sought to develop the property, the purchase was expressly conditioned upon the corporation obtaining subdivision approval by a certain date. In this regard, the contract language expressly indicated, "If approval is not received by a final approval of the subdivision by October 1, 1987, the Purchaser has the option, until April 1, 1988, either to get approval, or to cancel this Contract of Sale." Subdivision approval was not obtained by the stated date and the purchaser exercised its option to cancel the contract. Plaintiff was unsuccessful in procuring another purchaser and the listing agreement ultimately was canceled. The property subsequently was sold through the efforts of another broker.

Contending that she procured a ready, willing and able purchaser who agreed to purchase the property on terms acceptable to defendant, plaintiff thereafter commenced the

---

1. While not delineated in the listing agreement, the subject property consisted of two contiguous parcels one of which the corporation owned at the time and another it was under contract to purchase. The corporation acquired title to this latter parcel approximately one month after execution of the listing agreement.

instant action to recover her brokerage commission. Following joinder of issue, the parties cross-moved for summary judgment. Supreme Court granted defendants' motion and dismissed plaintiff's complaint, concluding that, as written, the listing agreement provided that plaintiff's entitlement to a commission was subject to an express condition precedent, i.e., that she produce a buyer ready, willing and able to purchase, and that this purchaser was not ready, willing and able since it elected to terminate the contract. Plaintiff appeals.

We affirm. It is well settled in this State that "in the absence of an agreement to the contrary, a real estate broker will be deemed to have earned his commission when he produces a buyer who is ready, willing and able to purchase at the terms set by the seller" (*Lane—Real Estate Dept. Store v Lawlet Corp.*, 28 NY2d 36, 42). The dispositive issue herein is whether inclusion in the brokerage agreement of language indicating that the commission is due upon procurement of a purchaser who is ready, willing and able to purchase on terms *acceptable to the seller* constitutes an agreement which alters the applicability of the general rule and operates to condition payment upon *actual satisfaction* of those terms. We conclude that it does (*Bigman Assocs. v Fox*, 133 AD2d 93). Since the subdivision approval clause was a viable term of defendant's contract of sale and since that term was not met by the prescribed time, the condition triggering plaintiff's entitlement to a commission was not satisfied. That is not the end of our inquiry, however. Notwithstanding the nonoccurrence of a condition precedent to the collectability of a brokerage commission, the seller may be liable therefor nonetheless if it can be established that he is responsible for the failure of the condition (*Lane—Real Estate Dept. Store v Lawlet Corp., supra*). There is no evidence in this case even suggesting that defendants were at fault in causing delay in the subdivision approval process. Indeed, the uncontroverted evidence establishes that defendants acted diligently in this regard. Accordingly, no commission is payable to plaintiff.[2]

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

2. Even assuming that the emphasized language above is insufficient to create a condition to the collectability of the commission with the result that the general rule applies, it is to be questioned whether a purchaser whose obligations are expressly conditioned upon the occurrence of an event such as the one extant here, is indeed ready, willing and able to purchase until that condition is met.