■ CORNELIA AND BROAD STREETS, INC., Doing Business as COLDWELL BANKER/CHARLES J. RACETTE & ASSOCIATES, Respondent, v WILLIAM CHASE, Defendant, and WARREN CHASE, Appellant.—Appeal from a judgment of the Supreme Court (Plumadore, J.), entered June 12, 1991 in Clinton County, which granted plaintiff's motion for summary judgment against defendant Warren Chase.

In the absence of an agreement to the contrary, a real estate broker's right to its commission is not dependent upon performance of the real estate contract; rather, the broker is

entitled to compensation when it produces a buyer who is ready, willing and able to purchase the property under the seller's terms *(Stolen v Bruaz Realty Corp.,* 173 AD2d 927). Here, the uncontradicted evidence shows that plaintiff produced such a buyer and the real estate contract states that plaintiff brought about the sale and that defendants agreed to pay the commission. In our view, the language in the separate brokerage agreement that the parties "agreed to a commission of 4% for the sale" of the subject property did not mean that plaintiff would be paid only upon passage of title at a closing *(see, Reynolds Realty v Wilczewski,* 160 AD2d 787, *lv dismissed* 76 NY2d 889). Defendant Warren Chase's assertions that under the brokerage agreement the commission would be earned only when title passed and that that agreement pertained only to a previous purchase and sale contract are without evidentiary support, and his allegations concerning plaintiff's conduct were insufficient to defeat the motion for summary judgment *(see, Joan & Dorothy Realty Corp. v Brookville Props.,* 173 AD2d 783; *Ladd v Coldwell Banker: Racette & Assocs.,* 167 AD2d 676; *cf., Garnham & Han Real Estate Brokers v Oppenheimer,* 148 AD2d 493).

Finally, the failure of defendants' intended measures to reduce or release liens against the property did not constitute a known title defect such as would have relieved defendants of the obligation to pay a commission to plaintiff upon the failure of the transaction *(see, Stern v Gepo Realty Corp.,* 289 NY 274; 11 NY Jur 2d, Brokers, § 126). Thus, as Supreme Court noted, the fact that a closing never took place was "irrelevant" and plaintiff was entitled to its brokerage commission.

Weiss, P. J., Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, with costs.