■ MECOX REALTY CORP. et al., Respondents, v CHARLES F. ROSE et al., Appellants. [608 NYS2d 526] —In action to recover a real estate brokerage commission, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Oshrin, J.), entered October 25, 1991, which, after a nonjury trial, is in favor of the plaintiffs and against them in the principal sum of $48,000.

Ordered that the judgment is affirmed, with costs.

It is well settled "that in the absence of an agreement to the contrary, a real estate broker will be deemed to have earned his commission when he produces a buyer who is ready, willing and able to purchase at the terms set by the seller" *(Lane-Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42; see, *Reynolds Realty v Wilczewski,* 160 AD2d 787, 788). "At the juncture that the broker produces an acceptable buyer he has fully performed his part of the agreement with the vendor and his right to commission becomes enforceable" *(Hecht v Meller,* 23 NY2d 301, 305). The broker's right to this commission is not dependent upon performance of the real estate contract unless there is an agreement to the contrary (see, *Cornelia & Broad Sts. v Chase,* 186 AD2d 341).

Here, the plaintiffs earned their brokerage commission

when they produced a buyer for the defendants' property who was ready, willing, and able to purchase at the terms set by the seller.

We have reviewed the defendants' remaining contentions and find them to be without merit. Mangano, P. J., Pizzuto, Altman and Krausman, JJ., concur.