■ PAUL J. BOYER REALTY, Respondent, v HARLOW PERRY, Appellant. [617 NYS2d 393] —Mikoll, J. P. Appeals (1) from an order of the County Court of St. Lawrence County (Nicandri, J.), entered April 30, 1993, which, *inter alia,* granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff and defendant executed a listing agreement in October 1991 providing that defendant would pay plaintiff a commission of 6% of the purchase price of certain property of defendant located in the Town of Lisbon, St. Lawrence County, upon plaintiff's production of a "ready, able and willing" purchaser. Plaintiff produced Kevin Whitney and Mary Jo Whitney, who signed a purchase agreement in March 1992. The purchase and sale agreement was executed by defendant on April 5, 1992. It provided that the closing was to occur by June 30, 1992 "or as soon thereafter as abstract(s) can be brought up to date but in no event later than sixty (60) days after the scheduled closing date unless this Agreement is extended in writing by all parties thereto". Defendant claims that since the closing did not take place within 60 days of the date stated in the contract and the time was not extended by written agreement, plaintiff failed to produce a ready, willing and able buyer within the terms of the contract.

Plaintiff commenced this action against defendant for breach of the listing agreement. County Court thereafter granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment, relying on its decision in a companion action for specific performance commenced by the Whitneys against defendant. Judgment was entered and this appeal by defendant ensued.

We reject defendant's argument that plaintiff is not entitled to its realtor's commission because the Whitneys were not ready, willing and able to purchase the property within 60 days of June 30, 1992 and because the closing never occurred. In the absence of a contrary agreement, the right to a realtor's commission is not dependent upon the ultimate performance of the real estate contract. Plaintiff herein earned its commission when it produced buyers ready, willing and able to purchase the property according to defendant's terms *(see, ERA Joseph Green Real Estate v Daubert,* 186 AD2d 885, 887; *Cornelia & Broad Sts. v Chase,* 186 AD2d 341, 341-342; *Stolen v Bruaz Realty Corp.,* 173 AD2d 927, 928). As the listing

agreement did not expressly condition defendant's liability for the commission on the closing of title *(see, Lane—Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42-43), the fact that a closing did not occur is irrelevant to the issue of plaintiff's entitlement to its commission *(see, Cornelia & Broad Sts. v Chase, supra,* at 342). There are no issues of fact to be determined at a trial as the purchase and sale agreement executed by defendant recognizes plaintiff as the procuring cause of the contract between the Whitneys and defendant *(see, Brodsky v Gazzola,* 183 AD2d 1051, *lv denied* 80 NY2d 758).

Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order and judgment are affirmed, with costs.