■ SUSAN K. BALFOUR, Doing Business as BALFOUR REALTY, Respondent, v GUIDO PASSARELLI et al., Defendants. and HERALD SQUARE VILLAGE, INC., Appellant. [665 NYS2d 749] —Crew III, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered June 28, 1996 in Warren County, which granted plaintiff's motion for partial summary judgment against defendant Herald Square Village, Inc., and (2) from the judgment entered thereon.

Plaintiff, a licensed real estate broker, entered into a series of listing agreements with defendant Herald Square Village, Inc. (hereinafter defendant) granting her the exclusive right to sell building lots in defendant's development in the Town of Queensbury, Warren County, from July 15, 1992 to July 15, 1993. Thereafter, on October 5, 1992, defendant procured memoranda of agreement from three buyers. Pursuant to the terms of each agreement, the buyers agreed to pay defendant $5,000 to take a specific lot in the development off the market for their subsequent purchase in 1994. Specifically, the buyers agreed that they would execute a construction contract with defendant no later than July 1, 1994 and commence construction no later than October 1, 1994. Although it is undisputed that the buyers thereafter fulfilled their obligations under the respective memorandums of agreement, defendant refused to pay plaintiff a commission for these sales, prompting plaintiff to commence this action. Following joinder of issue, plaintiff moved for and was granted partial summary judgment against defendant. This appeal by defendant ensued.

We affirm. The applicable listing agreements provided, in relevant part, as follows:

"If, during the period of this agreement, or any extension thereof, a transfer of sale or exchange of the property is made, affected *or agreed upon with anyone*, I agree to pay the BROKER a commission of 6% of the sale or exchange price * * *. Further, this commission will be due and payable if:

"(a) prior to the expiration date of this agreement, a purchaser for the property is procured by a licensed agent or any participant in the [real estate association] *at sales price and terms acceptable to the* OWNER; or * * *

"(c) during the period of this agreement, the OWNER himself sells *or agrees to sell the property*" (emphasis supplied).

Here, the record demonstrates that plaintiff, at the very least, assisted in procuring the buyers for defendant; indeed, each buyer acknowledges that plaintiff assisted them in securing the subject building lots. Additionally, the record reveals that each of the buyers executed a memorandum of agreement in October 1992 (prior to the termination of the listing agreement), whereby they "agree[d] to enter into a signed contract with [defendant] for the purchase of the [l]ot and the construction of a home no later than July 1, 1994". The agreements further provided that no entity other than defendant could construct a home on the subject lots and, as noted previously, construction was to commence no later than October 1, 1994. Finally, it is undisputed that each of the buyers subsequently executed the required construction contracts and purchased the lots in question.

In our view, the foregoing is sufficient to establish, as a matter of law, that plaintiff earned her commission under the terms of the listing agreement by procuring buyers during the period of said agreement who did in fact agree to purchase the lots upon terms acceptable to defendant. The fact that the buyers were not "ready, willing and able" to execute a combined purchase and construction contract in October 1992 is of no moment. Defendant expressly agreed to take the subject lots off the market at that time and, although defendant permitted the buyers to purchase the lots and commence construction at a later date, there is nothing in the listing agreement that made plaintiff's entitlement to a commission contingent upon the execution of a sales or construction contract in October 1992 or at any point prior to the expiration of the listing agreement (*see, e.g., Boyer Realty v Perry*, 208 AD2d 1024, 1024-1025). To the extent that plaintiff's commission was dependent upon the buyers' fulfillment of their obligations under the respective memoranda of agreement, such "conditions" have been fulfilled and, therefore, plaintiff is entitled to her commission (*see generally, Mulvihill v Di Prima*, 47 AD2d 560). Defendant's remaining contentions have been examined and found to be lacking in merit.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order and judgment are affirmed, with costs.