■ REALTY INVESTORS OF USA, INC., Appellant, v PIYUSH BHAIDASWALA et al., Respondents. [679 NYS2d 179] —Mercure, J. P. Appeals (1) from an order of the Supreme Court (Rose, J.), entered January 23, 1998 in Broome County, which granted defendants' motion to dismiss the complaint on the ground of a defense founded upon documentary evidence, and (2) from the judgment entered thereon.

Plaintiff, a real estate broker, entered into a May 20, 1997 written agreement with defendants\* providing for the listing of defendants' motel property at an asking price of $1,500,000 and for defendants' payment of a specified broker's commission in the event, as relevant here, that "[plaintiff] procures a purchaser \* \* \* on the terms specified herein or any other terms acceptable to [defendants]". It is undisputed that plaintiff produced a prospective purchaser for the property and that defendants and the purchaser entered into negotiations and executed a so-called "Letter of Intent to Purchase Motel" and two different addenda to the letter of intent, ultimately embodying certain terms of sale, including a prospective purchase price of $1,365,000. It is also undisputed that defendants and the purchaser never entered into a formal binding contract of sale and that no sale ever took place.

In October 1997, plaintiff commenced this action to collect a real estate broker's commission upon the theory that there had

---

\* Although not at all clear from the record, it appears that defendant Shree Swami Narayan L. L. C. is the owner of the property and that defendant Piyush Bhaidaswala is its principal. For the purpose of this appeal, we may treat defendants as the unitary entity that owned the subject real property, entered into the listing agreement with plaintiff and negotiated to sell the property.

been a meeting of the minds between defendants and the purchaser on all essential terms, that the purchaser was at all times ready, willing and able to proceed with the purchase upon those terms and that, through no fault of plaintiff or the purchaser, defendants refused to proceed with the sale. In lieu of an answer, defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) upon the ground that documentary evidence, i.e., the listing agreement, letter of intent and addenda, established that a commission was to be paid only if the property was actually sold or otherwise transferred, that no sale or transfer took place, and that, in fact, the parties never entered into a binding contract of sale. Supreme Court granted the motion and entered judgment in favor of defendants dismissing the complaint. Plaintiff appeals.

Because we conclude that the documentary evidence proffered in support of defendants' motion by no means established a defense to plaintiff's cause of action as a matter of law, we are constrained to reverse Supreme Court's order and judgment and deny the motion. We first note that defendants were clearly wrong in their essential premise that plaintiff was entitled to a commission only in the event of an actual sale or transfer of title to the property. As correctly contended by plaintiff and recognized by Supreme Court, the provision of the listing agreement previously set forth herein entitled plaintiff to a commission upon his " 'procur[ing] a prospect who ha[d] reached agreement with the seller on essential terms and [was] ready, willing and able to perform' " (*Agawam Realty v Haggerty*, 223 AD2d 518, 520, quoting *Wykagyl Agency v Rothschild*, 100 AD2d 934, 934-935; *see, Hecht v Meller*, 23 NY2d 301, 305; *Boyer Realty v Perry*, 208 AD2d 1024; *Pacifico v Plate*, 183 AD2d 986, 987).

We disagree with Supreme Court's further conclusion, however, that the nonbinding nature of (and, possibly, the absence of some essential terms from) the letter of intent and addenda established a defense to the action as a matter of law. To the contrary, it is settled law that a broker's right to a commission is not dependent upon the execution of a legally enforceable sales contract, so long as the seller and buyer have come to a meeting of the minds on the essential terms of the transaction (*see, Balfour v Passarelli*, 245 AD2d 720; *Agawam Realty v Haggerty, supra*). In our view, the writings submitted on defendants' motion by no means preclude a finding that the parties came to such a meeting of the minds, either within or outside the bounds of those writings. We also agree with plaintiff that Supreme Court erred in considering Bhaidaswa-

la's reply affidavit as evidence on this CPLR 3211 (a) (1) motion (*see*, *Williamson, Picket, Gross v Hirschfeld*, 92 AD2d 289, 290; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3211:10, at 20). We conclude our discussion with the suggestion that the issues presented by this action would be far better suited to summary judgment treatment following joinder of issue and discovery, if not a trial (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3211:10, at 21).

White, Peters, Spain and Graffeo, JJ., concur. Ordered that the order and judgment are reversed, on the law, with costs, motion denied and defendants are directed to serve an answer within 10 days of the date of this Court's decision.