■ A.J. Clarke Real Estate Corp., Respondent, v Milton Meyers et al., Appellants. [810 NYS2d 186]—

Judgment, Supreme Court, New York County (Marylin G. Diamond, J.), entered January 22, 2004, summarily awarding plaintiff the principal sum of $29,600, after defendants' cross motion for summary judgment was denied, unanimously affirmed, without costs.

The oral agreement between the parties allegedly contained terms providing that "if" there were a "sale," a broker's commission would be earned. To the extent defendant sellers argue that this agreement required an actual sale to take place before a commission would be earned, such language is nonetheless consistent with the general principle that a broker's commission is deemed earned when, as here, a ready, willing and able buyer is produced who assents to the sellers' terms of sale (*see Norma Reynolds Realty v Wilczewski*, 160 AD2d 787 [1990], *lv dismissed* 76 NY2d 889 [1990]). Thus, plaintiff broker was properly granted partial summary judgment on its claim for a commission.

Defendants' cross motion for summary judgment, based on documents that were either incomplete, unsigned, undated or undelivered, was properly denied for lack of substantive proof to demonstrate prima facie entitlement to such relief. Moreover, defendants' argument that plaintiff was not entitled to summary judgment because the proposed contract documents— prepared by the sellers' attorney and forwarded to the broker's proposed purchaser—required a fully executed contract before a commission would be paid, is unpreserved and, in any event, was improperly based on facts dehors the record (*see Ta-Chotani v Doubleclick, Inc.*, 276 AD2d 313 [2000]). Were this Court to consider the argument, we would find that defendants' actions in retaining for seven weeks the down payment and contract documents signed by the prospective buyer, all the while promis-

ing to produce a fully executed contract, support the conclusion that the parties had an agreement entitling plaintiff to a commission. Plaintiff produced a buyer who was ready, willing and able to close on the terms set by defendants (*see Lane—Real Estate Dept. Store v Lawlet Corp.*, 28 NY2d 36 [1971]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Gonzalez, J.P., Catterson, McGuire and Malone, JJ.