American Infertility of N.Y., P.C. v Verizon N.Y., Inc. (2021 NY Slip Op 03541)





American Infertility of N.Y., P.C. v Verizon N.Y., Inc.


2021 NY Slip Op 03541


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Kapnick, J.P., Singh, Moulton, González, JJ. 


Index No. 159892/15 Appeal No. 14031-14031A Case No. 2021-00128, 2021-00141 

[*1]American Infertility of New York, P.C. Doing Business as Center for Human Reproduction, et al., Plaintiffs-Appellants,
v
Verizon New York, Inc., Defendant-Respondent. 


La Reddola, Lester & Associates, LLP, Garden City (Steven M. Lester of counsel), for appellants.
Smith, Gambrell & Russell, LLP, New York (John Van Der Tuin of counsel), for respondent.



Orders, Supreme Court, New York County (Lucy Billings, J.), entered December 14, 2020, which, to the extent appealed from, granted defendant's motion for partial summary judgment dismissing plaintiffs' trespass claim to the extent it seeks damages for lost profits and additional construction costs, other than those related to a specified change order and any inflation in the costs of that charge order over the period of delay, unanimously affirmed, without costs.
Defendant demonstrated prima facie that there was no evidence that plaintiffs' construction costs were increased as a result of defendant's alleged four-month delay in moving its main feeder cable from plaintiffs' property, since the construction contract was for a fixed price and, with one exception (Change Order #3), the change orders were unrelated to the cable. On appeal, plaintiffs assert that their claim for additional construction costs is based on the equitable adjustments clause of the construction contract, but that argument was not raised before the motion court and is unpreserved for appellate review (see Diarrassouba v Consolidated Edison Co. of N.Y. Inc., 123 AD3d 525 [1st Dept 2014]; A.J. Clarke Real Estate Corp. v Meyers, 27 AD3d 230 [1st Dept 2006], lv denied 7 NY3d 711 [2006]).
Plaintiffs' lost profits claim was properly dismissed since it is unsupported by any evidence (see St. Lawrence Factory Stores v Ogdensburg Bridge & Port Auth., 13 NY3d 204, 207-208 [2009]; FranPearl Equities Corp. v 124 W. 23rd St., LLC, 164 AD3d 1190 [1st Dept 2018], lv denied 33 NY3d 908 [2019]). Plaintiffs provided no expert analysis to support its contention, and plaintiffs' accountant testified that he had performed no such analysis (see Quik Park W. 57 LLC v Bridgewater Operating Corp., 189 AD3d 488, 489 [1st Dept 2020]; FranPearl Equities Corp., 164 AD3d at 1190; Teramo & Co. v O'Brien-Sheipe Funeral Home, 283 AD2d 635, 637 [2d Dept 2001]).
Furthermore, contrary to plaintiffs' contention, the motion court was entitled pursuant to CPLR 3212(e) to dismiss specific categories of damages (see Koch v Consolidated Edison Co. of N.Y., 62 NY2d 548, 560 [1984]; see e.g. Ashland Mgt. v Janien, 82 NY2d 395, 405 [1993]; David D. Siegel, Practice Commentaries, McKinney's Cous Laws of NY CPLR C3217:30). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021