■ SHIRLEY YEDVARB, Appellant-Respondent, v MARTIN YEDVARB, Respondent-Appellant. — The parties cross-appeal, as limited by their briefs, from stated portions of a judgment of the Supreme Court, Nassau County (Wager, J.), entered December 4, 1981, which, after a nonjury trial, directed, *inter alia,* that defendant husband make certain payments to the plaintiff wife for necessaries and counsel fees. Judgment modified, on the law and the facts, by (1) deleting the second decretal paragraph which awards $4,860 to the plaintiff for necessaries, (2) increasing the amount awarded in the third decretal paragraph for counsel fees from $5,500 to $9,250, and (3) increasing the

amount stated in the fourth decretal paragraph from $5,776 to $9,526. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements. This action was originally commenced for a divorce and for reimbursement of moneys allegedly spent by the plaintiff for necessaries for herself and the parties' infant son after the defendant allegedly stopped supporting them. Thereafter, the cause of action for divorce was withdrawn, and a cause of action for support pursuant to article 4 of the Family Court Act was substituted therefor. The cause of action for necessaries was continued, however, and counsel fees were also sought. In support of her cause for necessaries, the plaintiff submitted in excess of 100 checks to the trial court which she had made out in payment to several department stores, other concerns and individuals. There was no attempt at trial to itemize or explain such expenditures. In fact, the plaintiff stated that she did not have itemized receipts relating thereto. Only supposition and surmise can lead to the conclusion that such money was actually expended on what may properly be termed "necessaries". Since such criteria are no substitutes for evidence, we must conclude that the plaintiff has failed to sustain her burden of proof in this regard and that she has not established on this record to what extent, if any, she is entitled to such an award. Indeed, the trial court arrived at this conclusion as well, albeit on different grounds. It nevertheless, through a contrived application of equitable distribution principles, found that a partial award for necessaries was required. While we agree with the trial court that the plaintiff failed to make out a case for the reimbursement of such moneys, it erred in its application of equitable distribution principles to this cause of action. The concept of equitable distribution is written into the laws of this State so as to apply only in certain cases involving the abrogation of the marital status (Domestic Relations Law, § 236, part B, subd 2). Here, no such action is involved. Though this action was originally commenced seeking a divorce, that cause was withdrawn by the plaintiff and other claims were presented instead. Thus, it was error for the trial court to hold defendant liable to the plaintiff for one half the amount sought as reimbursement for necessaries solely on the basis of equitable distribution. It was also error for the trial court to credit the defendant with a portion of the counsel fee found to be due and owing by him by reason of the fact that it was paid by the wife out of her savings, 50% of which was deemed by the trial court to belong to the defendant by reason of equitable distribution principles. Accordingly, the award for necessaries must be deleted since, without the trial court's erroneous application of the law, there is no basis for such an award. Similarly, the award for counsel fees must be increased as above indicated because there is no basis for the reduction granted to the defendant. Damiani, J. P., Gulotta, O'Connor and Brown, JJ., concur.