■ MICHAEL WASHBURN, Respondent, v 166 EAST 96TH STREET OWNERS CORP., Appellant.—Judgment, Supreme Court, New York County (Norman A. Mordue, J.), entered July 7, 1989, which declared, *inter alia,* that plaintiff was entitled to exclusive use of the roof area surrounding and adjacent to his cooperative apartment and which awarded plaintiff damages and attorneys' fees, unanimously affirmed, with costs.

In 1978, plaintiff rented apartment 16-D, a duplex penthouse-type apartment which occupied the sixteenth-floor rear portion of the subject building. Thereafter, and subsequent to the conversion of the premises to cooperative ownership in 1981, plaintiff enjoyed the exclusive use of the 830-square-foot terrace which surrounded the lower portion of the apartment.

Plaintiff had purchased 1,225 shares of cooperative stock and obtained the proprietary lease for his apartment which recited, in pertinent part, that should the apartment include "a portion of the roof adjoining a penthouse, the Lessee shall have and enjoy the exclusive use of * * * that portion of the roof appurtenant to the penthouse". In 1982, the cooperative board undertook repairs which included portions of the roof area occupied by plaintiff. Objection was voiced by persons who were of the opinion that the roof area adjacent to plaintiff's apartment was common property. Upon the completion of the roof repairs in May of 1982, pursuant to newly promulgated house rules and over plaintiff's objections, the cooperative board seized almost two thirds of plaintiff's roof terrace. The area was declared common property and plaintiff was denied his exclusive possession by the placement of tables and chairs thereon.

The credible evidence adduced at trial established that 302 of the 1,225 shares purchased by plaintiff represented the entire roof terrace area. This expert opinion was amply supported by the fact that all other one-bedroom "D"-line apartments were allocated an average of only 600 shares in the prospectus. Furthermore, the conduct of both plaintiff and defendant's predecessor clearly indicates that the original leasehold included the exclusive use of the roof terrace area (see generally, Shepherd v Seril, 118 AD2d 422), which consequently we hold to be appurtenant to plaintiff's apartment within the meaning of the proprietary lease.

We conclude that the conduct of the defendant constituted an actual partial eviction of plaintiff and further, subjected his remaining tenancy to a substantial loss of the quiet enjoyment of his leasehold and to the troublesome necessity of the underlying lawsuit and the instant appeal.

Accordingly, we affirm the judgment appealed from and remand the matter to Supreme Court only for the purpose of establishing the proper amount of attorneys' fees and disbursements to be awarded plaintiff as a result of having to respond to this appeal (see, Kumble v Windsor Plaza Co., 161 AD2d 259, 260-261 [1st Dept 1990]). Concur—Rosenberger, J. P., Kassal, Wallach, Smith and Rubin, JJ.