■ CHRISTINA SPERLING, Appellant-Respondent, v 145 EAST 15TH STREET TENANTS' CORPORATION, Respondent-Appellant, et al., Intervenor.—Judgment, Supreme Court, New York County (Eugene Nardelli, J.), entered on October 17, 1990, which, *inter alia,* declared that the subject apartment is not a penthouse, declared that the tenant's terrace area does not include the unimproved northern portion of the adjacent roof, determined the extent to which the Cooperative Corporation may have access to the lower roof of the building through the tenant's apartment, awarded the tenant $5,000 in damages and $5,000 in legal fees, and restricted the tenant's rights to keep trees and potted plants on her terrace area, unanimously affirmed, without costs.

The proprietary tenant and shareholder in this Cooperative residential apartment house was a long-standing tenant before the building converted to Cooperative ownership. The extent

to which she was allowed to keep trees and large potted plants outside her apartment, and the extent to which the building took access through her apartment to the adjacent lower roof area, were matters for the trial court to resolve. Adoption of the arguments for alternative conclusions offered on the appeal and cross-appeal would require this Court to reject findings of fact and credibility by the IAS court on the ground that they could not be reached under any fair interpretation of the evidence (see, Claridge Gardens v Menotti, 160 AD2d 544), and to substitute our own judgment for that of the Cooperative Board of Directors on a finding that they did not act within the scope of their authority or in good faith (see, Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530). The record presents no basis to reach either such conclusion.

The IAS court correctly awarded the proprietary tenant counsel fees only to the limited extent to which she prevailed, and correctly declined to award the Cooperative Corporation attorney fees on the conclusion that there was no substantial violation of the proprietary lease. Attorney fees pursuant to Real Property Law § 234 are appropriate only to the extent that a party prevails.

We have considered the remaining contentions on the appeal and cross-appeal, and find them to be without merit. Concur—Murphy, P. J., Carro, Ellerin and Asch, JJ.