■ SINGER STUDIO CORP., Respondent-Appellant, v JEAN-CLAUDE FARHI, Appellant-Respondent.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 17, 1991, which, *inter alia,* granted plaintiff's motion for summary judgment on the fourth and fifth causes of action and partial summary judgment on the sixth cause of action, denied so much of plaintiff's motion seeking summary judgment on the second and third causes of action, and which denied defendant's cross motion to dismiss the complaint, unanimously modified to the extent of denying plaintiff's motion for summary judgment on the fourth and fifth causes of action, and granting defendant's cross-motion to the extent of dismissing the fifth cause of action, and otherwise affirmed, without costs.

We agree with the IAS court that there is a triable issue of fact as to whether or not the plaintiff cooperative corporation, in expecting the defendant to pay a share of the costs of that portion of the legalization process from which the defendant's

units were intentionally excluded by the corporation, acted in a manner consistent with its fiduciary duty to the defendant as a shareholder, unencumbered by purposes other than the best interests of the shareholders it represents (see, *Bernheim v 136 E. 64th St. Corp.,* 128 AD2d 434). We disagree with the IAS court that the rider to the proprietary lease outlining the proprietary lessee's obligations for repair places on the lessee, within the plain meaning of the words and phrases used (see, *Martin v Glenzan Assocs.,* 75 AD2d 660), the obligation of repairing an interior that is defined to include the entirety of windows, window frames and terrace doors, limiting the definition to window interiors only for the purposes of painting and decorating, and conclude that a question of fact exists therein.

The IAS court erred in granting plaintiff summary judgment on the fifth cause of action based on a clause of the lease making the lessee responsible for the lessor's expenses in "instituting any action or proceeding", when it is undisputed that no action or proceeding was commenced, and counsel fees were incurred only for the purely private action of preparing and delivering to defendant a notice of default.

The plaintiff landlord is entitled to attorney fees only to the extent that it has prevailed on the fourth cause of action (see, *Sperling v 145 E. 15th St. Tenants' Corp.,* 174 AD2d 498). Concur—Rosenberger, J. P., Wallach, Ross, Asch and Kassal, JJ.