■ JOSEPH FELNER et al., Appellants-Respondents, v GOLDIE ADLER, Respondent-Appellant, et al., Defendant. [600 NYS2d 19] —Order, Supreme Court, New York County (Dianne Lebedeff, J.), entered July 29, 1992, which modified the report of a Referee and confirmed it as modified, dismissed plaintiffs' action against defendant Adler, dismissed defendant's counterclaim, and denied defendant's motion to amend her answer, unanimously affirmed, without costs.

The within action was commenced by plaintiffs to enjoin defendant Adler from maintaining a fence on a terrace located outside the parties' adjoining apartments. Plaintiffs moved for summary judgment enjoining defendant from using the disputed portion of the terrace, and defendant cross-moved for summary judgment dismissing the complaint and for leave to amend her answer. The matter was referred to a Special Referee in order to determine the respective rights of the parties. The evidence before the Referee demonstrated that the fence which defendant Adler has erected on the terrace, which extends five feet beyond the demising wall between the two apartments, is located no further from her apartment than did a fence that was there when she took occupancy as a tenant in 1971, that she first replaced the original fence in 1975, that the fence was still there when she took title to the apartment in 1981 and was referred to in the inspection report accompanying the offering plan for the condominium and in the building floor plan, that, in 1983, she removed the fence at the request of the condominium solely for the purpose of allowing it to conduct repairs and was assured that she would be permitted to replace it, that, during the time the fence was absent, she used the space which it had previously enclosed and that she replaced the fence in 1988.

We agree with the IAS Court that defendant was entitled to summary judgment dismissing the complaint based on the unambiguous terms of the offering plan, which clearly establish that plaintiffs have no rights in the disputed portion of the terrace. However, contrary to the IAS Court, we find that these terms establish that defendant has an easement in the disputed area, rather than a revocable license. The existence

of such an easement was clearly established by language stating that the "units are offered in their current condition, as is", along with the reference to defendant's fence in the inspection report and the floor plan, and by the statement that the rights of an owner in a terrace or patio to which his or her unit has access shall constitute an easement *(see, Washburn v 166 E. 96th St. Owners Corp.,* 166 AD2d 272). Plaintiffs' argument that an amendment to the offering plan negated defendant's rights is unavailing, as the subject amendment was never filed and never took effect. Concur— Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.