■ NUREEN MURPHY, Respondent, v VIVIAN REALTY COMPANY et al., Appellants. [605 NYS2d 285] —Order and judgment (one paper), Supreme Court, New York County (Beverly S. Cohen, J.), entered June 24, 1992 after a non-jury trial, which, inter alia, granted plaintiff judgment against defendants to the extent of permanently enjoining defendants from interfering with plaintiff's use of her rooftop terrace which was to be limited to 40 square feet and was to comply with the additional terms specified by the court; awarded her $4,500 plus

interest from June 1, 1983 and $7,500 plus interest from October 13, 1987 under the second cause of action for breach of the covenant of quiet enjoyment and conversion; awarded her $5,016.20 on her third cause of action for breach of the warranty of habitability, representing a 10% abatement of her rent from December 1, 1981 through and including November 30, 1991; awarded her $15,000 against all defendants, jointly and severally, on her fifth cause of action for infliction of extreme emotional distress; and awarded her $88,262 plus expenses of $4,332 as the reasonable value of her legal fees, unanimously modified, on the law, to the extent of dismissing plaintiff's first and second causes of action, vacating the award of counsel fees and remanding the matter for assessment of the reasonable amount of attorneys' fees plaintiff is entitled to under the third and fifth causes of action. As so modified, the order and judgment is otherwise affirmed, without costs.

Recognizing the weight to be accorded the decision of the fact-finding court in a non-jury trial (see, *Claridge Gardens v Menotti*, 160 AD2d 544), the evidence here nevertheless fails to support an important element of the trial court's findings, viz., that plaintiff is entitled on her first cause of action to both declaratory and injunctive relief with regard to the use of the roof and is thus entitled to recover attorneys fees' as the successful party on that cause.

The evidence adduced at trial and the court's findings of fact are clearly at odds with its conclusion of law on this point. While it cannot be doubted that plaintiff, under the lease, was entitled to make some use of the roof for gardening purposes, the terms of the lease clearly limited said exercise to use of "shrubbery, flower boxes and pots supported by cinder blocks and terrace furniture" in conformance with local building code rules and regulations. The evidence unmistakeably reveals that plaintiff, not defendants, unilaterally installed and maintained for years a "jungle" consisting of earth, trees exceeding 10 feet in height and planters weighing more than several thousand pounds each, as well as an aluminum shed. These items unreasonably stretched the definitions of shrubbery, flower pots and terrace furniture. Moreover, the items were found by the court to have considerably weakened the structural stability of the roof and the ceiling supports of the tenants below. The court also correctly found that the so-called garden, as planted by plaintiff, exceeded the permissible bounds of the lease as it did not comply with safety concerns, and was never approved by the City as

comporting with its Building Department rules and regulations. The lack of support for plaintiff on this matter is further evidenced by the court's restriction of the use of the roof near the fire escape exits; its banning the placement of earth or debris directly on the roof, as previously done by plaintiff; the limitation of shrubs to items not exceeding four feet in height and the limitation on the weight of flower boxes to those less than 15 pounds.

Under these facts, plaintiff can hardly be said to have prevailed on the first cause of action and thus no attorneys' fees should have been awarded inasmuch as plaintiff failed to show there was a substantial violation of paragraph 28a of the lease on the part of defendants pertaining to plaintiff's use of such portion of the roof as forms a terrace immediately adjoining her apartment as a garden (see, e.g., Sperling v 145 E. 15th St. Tenants' Corp., 174 AD2d 498, 499 [attorneys' fees pursuant to Real Property Law § 234 are appropriate only to the extent a party prevails]; see generally, Gottlieb v Laub & Co., 82 NY2d 457 [a party's entitlement to attorneys' fees should be narrowly construed inasmuch as New York has traditionally followed the common-law rule disfavoring any award of attorneys' fees to the prevailing party in a litigation]).

Plaintiff's attempt to support her first cause of action under the rent control law and the doctrine of waiver was properly rejected by the trial court. Her claim that she was entitled to greater rights as a rent controlled tenant than under the lease and that the use of the roof constituted an "essential service" is unpersuasive inasmuch as her status as a rent controlled tenant only allowed her to continue to enjoy the same leasehold rights during the term of her statutory tenancy. (1 Rasch, New York Landlord and Tenant § 10:14, at 460-462 [3d ed]; see, Barrow Realty Corp. v Village Brewery Rest., 272 App Div 262.) Moreover, the issue of whether the roof usage constituted an "essential service" was never ruled upon in the first instance by the rent agency (Division of Housing and Community Renewal) in charge of making such determinations. There is likewise no merit to the claim that the landlord's acceptance of rent with knowledge of the roof garden condition constituted a waiver inasmuch as paragraph 22 of the lease contains a clear "no waiver" clause which requires any waiver to be in writing and signed by the landlord.

As to the trial court's finding for plaintiff on her second cause of action based on the landlord's "breach of the lease requirement of quiet enjoyment", it is undisputed that the

landlord's agents entered the roof and caused damage to her personal property by throwing plants and the shed off the roof. However, unlike *Washburn v 166 E. 96th St. Owners Corp.* (166 AD2d 272), where the cooperative board seized two-thirds of plaintiff's roof terrace by declaring it to be common property and, by placing tables and chairs thereon, denied him exclusive possession, to which he was entitled by the terms of his proprietary lease, and this Court *(supra,* at 273) concluded that the conduct of defendant constituted an actual partial eviction resulting in substantial loss of quiet enjoyment, plaintiff here, by the specific terms of paragraph 28a of the lease, has neither an "exclusive right" of use, nor an ownership interest in any part of the roof *(see, 800 Park Ave. Corp. v Mott,* 49 AD2d 853, 854). Thus, in the absence of an ouster, actual or constructive *(see, Herstein Co. v Columbia Pictures Corp.,* 4 NY2d 117, 121), and given the tenant's breach of the terms of the lease, the award of damages for breach of the covenant of quiet enjoyment is reversed.

Finally, we reject defendants' contention that plaintiff's claim for the intentional infliction of emotional distress is barred by the one year Statute of Limitations inasmuch as they failed to assert such claim in their pleadings and waited until the close of plaintiff's case to seek leave to raise it. The trial court properly denied leave to amend given the four year delay in raising the defense *(Green v Fischbein, Olivieri, Rozenholc & Badillo,* 135 AD2d 415, 420).

We have considered defendants' other points and find them unpersuasive. Concur—Wallach, J. P., Kupferman, Ross, Kassal and Nardelli, JJ.