■ Andrew Duell et al., Appellants, v Liza Condon, Respondent, et al., Respondent. [606 NYS2d 690] —Order of the Appellate Term of the Supreme Court, First Department, entered April 23, 1992, which affirmed the judgment of the Civil Court of the City of New York (Bruce J. Gould, J.), entered December 20, 1990, which awarded legal fees to respondent-tenant-respondent Liza Condon in the stipulated amount of $52,517.25, unanimously affirmed, without costs, and the matter remanded to the Civil Court for the sole purpose of determining respondent's reasonable attorneys' fees in defending this appeal.

Respondent Condon, having succeeded to her deceased parents' rent controlled apartment, and having prevailed in a summary holdover proceeding commenced by the landlord based upon nonprimary residence, is entitled to an award for legal fees incurred in successfully defending the holdover proceeding. The lease executed by her parents, which expired in 1962, contained a standard attorneys' fees clause that became reciprocally binding upon the landlord by operation of law (Real Property Law § 234). Since this clause is not inconsistent with the rent laws and regulations, it is projected into her statutory tenancy (Matter of Park E. Land Corp. v Finkelstein, 299 NY 70, 74; Barrow Realty Corp. v Village Brewery Rest., 272 App Div 262).

We remand this case to the Civil Court, New York County, for the sole purpose of establishing the reasonable amount of attorneys' fees and disbursements incurred by respondent in

connection with this appeal *(Washburn v 166 E. 96th St. Owners Corp.,* 166 AD2d 272, 273). We have reviewed the landlords' other claims and find them to be without merit. Concur—Murphy, P. J., Kupferman, Ross, Rubin and Nardelli, JJ. [The unpublished decision and order entered herein on January 18, 1994, is hereby recalled and vacated.]