■ SHELDON H. SOLOW, Doing Business as SOLOVIEFF GALLERY COMPANY, Respondent, v KARL G. WELLNER et al., Appellants. [613 NYS2d 163] —Order, Supreme Court, Appellate Term, First Department (Ostrau, P. J., Riccobono and Parness, JJ.), entered on or about December 29, 1992 (154 Misc 2d 737), and modified on or about June 28, 1993, which modified an order of the Civil Court, New York County (Louis York, J.), entered after a nonjury trial on or about April 15, 1991 (150 Misc 2d 642), to the extent of reducing the rent abatement award with respect to conditions in the public areas of the building, dismissing a number of the abatement awards with respect to conditions in individual apartments, remanding other individual apartment awards, and declining to rule on the issues of tenant attorney's fees and the landlord's entitlement to prejudgment interest on back rents to be recovered, unanimously modified, on the law and the facts, to the extent of deleting from the remand direction the requirement that Civil Court set forth the amount of the abatement attributable to each condition found to be in breach of the warranty of habitability, and otherwise affirmed, without costs.

While we agree with Appellate Term's determination *(see,*

154 Misc 2d 737, *supra)* as to the appropriate standard for, and application of, the implied warranty of habitability pursuant to Real Property Law § 235-b and *Park W. Mgt. Corp. v Mitchell* (47 NY2d 316, *cert denied* 444 US 992), inasmuch as both the common law and statutory remedies were not intended to correspond to subjective contractual expectations analogous to the warranty of fitness for a particular purpose in sales cases (UCC 2-315), but to objective expectations akin to the warranty of merchantability (UCC 2-314) as we have previously recognized *(Curry v New York City Hous. Auth.,* 77 AD2d 534, 535; *cf., Mease v Fox,* 200 NW2d 791, 795 [Iowa]; *Javins v First Natl. Realty Corp.,* 428 F2d 1071, 1075, n 15, *cert denied* 400 US 925), we deem it impractical to require that, upon remand, Civil Court make specific findings as to the amount of the offset attributable to each defect involved, particularly in a joint trial involving the claims of numerous tenants. It is sufficient, after specifying the nature of the defects and their duration, for the trier to arrive at a sum based upon "the difference between the fair market value of the premises if they had been as warranted, as measured by the rent reserved under the lease, and the value of the premises during the period of the breach" *(Park W. Mgt. Corp. v Mitchell, supra,* at 329). The court should exercise reasonable practical judgment in such matters, and there is no reason why such damage calculations should be any more precise than determinations in complex personal injury actions. The same holds true with respect to the trial court's findings as to the duration of the breaches.

Given the procedural posture, Appellate Term properly declined to rule on the issue of tenants' entitlement to attorney's fees, and we make no determination as to that issue. However, confusion as to whether the amount of a particular abatement award also warrants an attorney's fee award pursuant to Real Property Law § 234 may be avoided by the initial consideration of the true scope of the dispute litigated, followed by comparison of the amount actually sought by the tenant, as determined by the pleadings, offers of proof, or other means (given the exigencies of pleading in summary proceedings), with the actual recovery, bearing in mind that the statutory reciprocal provision for attorney's fees was not intended to confer a windfall *(see, Gottlieb v Laub & Co.,* 82 NY2d 457, 464-465; *Murphy v Vivian Realty Co.,* 199 AD2d 192, 194).

Similarly, a determination as to the landlord's entitlement to prejudgment interest on back rent recovered is premature

at this point. Although CPLR 5001 (a) provides that interest shall be recovered on monetary damages awarded for breach of contract or any act or omission affecting possession or enjoyment of property, such award, like that of attorney's fees, is generally available only to a "prevailing" party *(Delulio v 320-57 Corp.,* 99 AD2d 253, 254; *and see, State of New York v Williams,* 140 AD2d 836; *Ash & Miller v Freedman,* 114 AD2d 823; *Peachy v Rosenzweig,* NYLJ, July 2, 1993, at 21, col 2 [App Term, 1st Dept]). Further proceedings must be conducted to determine whether any of the parties will attain that status. We reject the tenants' argument, however, that interest should be denied the landlord for delays engendered by his litigation tactics since unlike the authority upon which the tenants rely *(Kips Bay Towers Assocs. v Yuceoglu,* 134 AD2d 164, 165, *lv denied* 71 NY2d 806), there is no basis for finding an estoppel against such recovery.

We have considered appellants' other contentions and find them to be without merit. Concur—Carro, J. P., Rosenberger, Wallach and Williams, JJ.