OPINION OF THE COURT
Per Curiam.
Order and final judgment dated February 6, 1998 affirmed, with $25 costs.
*196 After trial in this nonpayment proceeding, tenant was granted a 100% abatement for the period January 1992 through October 1994 based upon the existence of Department of Housing Preservation and Development record violations and landlord’s failure to obtain a certificate of occupancy for certain renovations within the apartment. For the period November 1994 through February 1996, tenant was granted a 25% abatement. Civil Court denied tenant’s application for attorneys’ fees on the grounds that landlord attempted to respond to tenant’s complaints and that tenant was responsible for part of the delay in the correction of the conditions.
We affirm, albeit for reasons different than those stated below. Ordinarily, tenant would be deemed the “prevailing party” in this litigation, based upon a comparison of the amount of rent sought by landlord with the amount recovered (see, Solow v Wellner, 205 AD2d 339, 340, affd 86 NY2d 582).* However, it is not disputed that upon entry of the final judgment for net arrears of approximately $13,000, tenant simply vacated the premises, leaving this entire amount unsatisfied. Landlord avers that it would have been futile for it to appeal the judgment on the merits, since the tenant had vacated and even a successful appeal would only have resulted in the increase of a judgment that is uncollectible. Since landlord ultimately obtained possession — the central relief sought in the summary proceeding — and tenant failed to pay any rent (even in a reduced amount) for the extended period at issue, we deem it appropriate to withhold attorneys’ fees in this case.
Parness, P. J., McCooe and Davis, JJ., concur.

 By tenant’s calculations, she received an abatement of approximately 66% of the arrears sued for.