■ JOHN T. NOTHNAGLE, INC., Respondent, v PETER G. CHIARIELLO et al., Appellants, et al., Defendants. (Appeal No. 2.) [887 NYS2d 411]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered October 24, 2008 in a breach of contract action. The judgment awarded plaintiff damages and attorneys' fees against defendants Peter G. Chiariello and Elmer's Brighton Garage, Inc.

It is hereby ordered that the judgment so appealed from is unanimously affirmed with costs, plaintiff is awarded attorneys' fees on appeal and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Peter G. Chiariello and Elmer's Brighton Garage, Inc. (defendants) appeal from a judgment awarding plaintiff, a licensed real estate broker, damages and attorneys' fees for defendants' breach of a listing contract with plaintiff. Contrary to the contention of defendants, Supreme Court properly granted that part of plaintiff's motion for summary judgment on the breach of contract action against them. Absent an express agreement in the listing contract to the contrary, "the broker's right to a commission is not contingent upon performance of the underlying real estate contract" (*Coldwell Banker Vil. Green Realty v Pillsworth*, 32 AD3d 568, 569 [2006]; see also *Norma Reynolds Realty v Wilczewski*, 160 AD2d 787, 788 [1990], *lv dismissed* 76 NY2d 889 [1990], *rearg denied* 76 NY2d 983 [1990]; *Felleman v Von Luckner*, 234 App Div 787 [1931]). Here, the listing contract contains no such express agreement (*cf. Liggett Realtors, Inc. v Gresham*, 38 AD3d 214 [2007]). Indeed, the listing contract, when "read as a whole, and every part . . . interpreted with reference to the whole," indicates that the conditions under which plaintiff was entitled to receive a commission are separate and distinct from the

transfer of title at closing (*Matter of Westmoreland Coal Co. v Entech, Inc.*, 100 NY2d 352, 358 [2003] [internal quotation marks omitted]). Further, plaintiff is entitled to attorneys' fees and costs associated with defending this appeal pursuant to the terms of the listing contract, and we remit the matter to Supreme Court to determine the amount of reasonable attorneys' fees incurred (*see Duell v Condon*, 200 AD2d 549 [1994], *affd* 84 NY2d 773 [1995]; *Miller v Marra Bros. Motor Co.*, 185 AD2d 663 [1992], *lv dismissed* 80 NY2d 972 [1992]). Present—Scudder, P.J., Smith, Carni, Pine and Gorski, JJ.