# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1534**
**CA 09-00633**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF THE APPLICATION OF DONALD L.L.,
PETITIONER-APPELLANT, FOR THE APPOINTMENT OF A
GUARDIAN OF THE PERSON AND PROPERTY OF JESSIE
D.L., AN ALLEGED INCAPACITATED PERSON.
------------------------------------------------
ROBERT J. MICELI, RESPONDENT.                              OPINION AND ORDER
(APPEAL NO. 1.)
------------------------------------------------
IN THE MATTER OF THE APPLICATION OF DONALD L.L.,
PETITIONER-APPELLANT, FOR THE APPOINTMENT OF A
GUARDIAN OF THE PERSON AND PROPERTY OF JESSIE
D.L., AN ALLEGED INCAPACITATED PERSON.
------------------------------------------------
ROBERT J. MICELI, RESPONDENT.
(APPEAL NO. 2.)
------------------------------------------------
ROBERT J. MICELI, AS GUARDIAN OF THE PERSON AND
PROPERTY OF JESSIE D.L., PLAINTIFF-RESPONDENT,

                         V

DONALD L.L. AND PATRICIA FITZGERALD,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 3.)

---

FRANK A. ALOI, ROCHESTER, FOR PETITIONER-APPELLANT AND DEFENDANTS-APPELLANTS.

LAW OFFICES OF RICHARD A. KROLL, ROCHESTER (RICHARD A. KROLL OF COUNSEL), PARKER LAW OFFICE, PLLC, FOR RESPONDENT AND PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (David Michael Barry, J.), entered January 28, 2009. The order, insofar as appealed from, denied the cross motion of defendants to vacate and set aside a stipulation dated January 24, 2008, and to amend and resettle subsequent orders and judgments.

It is hereby ORDERED that the order so appealed from is unanimously affirmed with costs, plaintiff is awarded attorneys' fees on appeal and the matter is remitted to Supreme Court, Monroe County, for further proceedings.

Opinion by SCONIERS, J.: This appeal concerns the issue whether

the Equitable Distribution Law (Domestic Relations Law § 236 [B]) is applicable to a stipulation of settlement, entered during proceedings pursuant to article 81 of the Mental Hygiene Law, that divides property in a manner similar to equitable distribution but does not involve the dissolution of a marriage. We conclude that the Equitable Distribution Law is not applicable to this case.

Donald L.L. (defendant) and his wife, the person for whom plaintiff was, inter alia, appointed guardian (hereafter, defendant's wife), were married in 1966. In May 2005, defendant's wife suffered a stroke that caused severe brain damage and left her unable to care for herself. Defendant is also in poor health and is not capable of caring for his wife. Thus, defendant's wife lives in the home of plaintiff, who provides 24-hour care for defendant's wife. In October 2007, defendant commenced a proceeding pursuant to Mental Hygiene Law article 81, seeking, inter alia, an order naming the Catholic Family Center as the guardian of his wife's person and property. Plaintiff cross-petitioned for an order naming himself as guardian of defendant's wife and her property. During proceedings in Supreme Court on January 24, 2008, plaintiff and defendant entered into an oral stipulation of settlement whereby plaintiff would be named the guardian of the person and property of defendant's wife, which the court converted into an order naming plaintiff as the guardian. With plaintiff acting as guardian of defendant's wife, plaintiff and defendant immediately entered into a second oral stipulation of settlement (hereafter, stipulation of settlement) whereby defendant and his wife would live separately, with defendant having the right to visitation. Plaintiff and defendant further stipulated, inter alia, that the marital property of defendant and his wife would be divided between them and that defendant would make weekly "maintenance and support" payments to his wife. The second stipulation included the following statement: "[Plaintiff and defendant] would like to stipulate to settle issues of property settlement and spousal support in the nature of an opting[-]out agreement as the same is provided for under the Domestic Relations Law. [They] do not intend to make this a divorce proceeding but would like [the stipulation] to serve as their agreement as to the issues . . . set forth [herein] and to that extent would also like to sign a written adoption of the oral stipulation."

After the terms of the second oral stipulation were read into the record, plaintiff and defendant signed a written adoption of the oral stipulation. In an order and judgment entered April 21, 2008, the court, inter alia, determined that defendant's wife was an incapacitated person, appointed plaintiff as the guardian of the person and property of defendant's wife and incorporated by reference the terms of the stipulation of settlement.

In September 2008, plaintiff commenced this action seeking to enforce the stipulation of settlement with respect to the "maintenance and support" payments by defendant and to void various allegedly fraudulent transfers between defendant and defendant Patricia Fitzgerald. Plaintiff moved for, inter alia, a preliminary injunction enjoining defendants from "dealing" with any of their property pending resolution of the action. Defendants cross-moved for, inter alia, an

order vacating and setting aside the stipulation of settlement.  In an order entered January 28, 2009, the court denied the motion and cross motion.

Defendants contend that the court erred in granting relief in the form of equitable distribution without conducting a hearing on the economic issues between defendant and his wife.  We reject that contention inasmuch as those economic issues were resolved by the stipulation of settlement.  Furthermore, the record demonstrates that the stipulation of settlement was the product of extensive negotiations conducted after full disclosure of economic information.  Therefore, there is no need to remit the matter for the resolution of economic issues (*cf. Matter of Joseph S.*, 25 AD3d 804, 806).

The Equitable Distribution Law does not require a different result.  Domestic Relations Law § 236 (B) is "applicable to actions for an annulment or dissolution of a marriage, for a divorce, for a separation, for a declaration of the nullity of a void marriage" and other similar actions (§ 236 [B] [2] [a]).  Thus, "[t]he concept of equitable distribution is written into the laws of the State so as to apply only in certain cases involving the abrogation of the marital status" (*Yedvarb v Yedvarb*, 92 AD2d 591, 592; *see also Sperber v Schwartz*, 139 AD2d 640, 642, *lv dismissed* 73 NY2d 871, *lv denied* 74 NY2d 606).  In the absence of an action for the abrogation of the marital status, a court cannot "hold [a party] liable to [another party] . . . solely on the basis of equitable distribution" (*Yedvarb*, 92 AD2d at 592).  Here, however, the court did not hold any party liable solely on the basis of equitable distribution because plaintiff, as the guardian of defendant's wife, and defendant resolved all economic issues through a negotiated settlement agreement that included an explicit statement that defendant and his wife were not divorcing.  Therefore, the Equitable Distribution Law is not applicable to this case (*see* § 236 [B] [2]; *see generally Yedvarb*, 92 AD2d 591).  In light of our determination, we do not address defendants' contention that the written adoption of the stipulation of settlement did not meet the requirements of Domestic Relations Law § 236 (B) (3).

Contrary to the further contention of defendants, the stipulation of settlement should not be vacated or reformed.  " '[A] stipulation will not be destroyed without a showing of good cause therefor, such as fraud, collusion, mistake, accident[] or some other ground of the same nature' " (*Matter of Frutiger*, 29 NY2d 143, 150).  Defendants contend that, at the time of the stipulation of settlement, defendant did not understand the nature and consequences thereof.  Defendant stated in open court, however, that he discussed the terms of the agreement with his attorney and that he understood the terms of the stipulation of settlement.  Defendant also signed a written affidavit of adoption of the stipulation of settlement that included an acknowledgment that he understood and agreed to its terms.  Therefore, defendant's " 'unsubstantiated and conclusory allegations that [defendant] did not understand the significance of the [stipulation of settlement] . . . do not provide a sufficient basis for vacatur of the [stipulation of settlement]' " (*Matter of Titus*, 39 AD3d 1203, 1204,

*lv denied* 9 NY3d 804; *see generally Matter of Frutiger*, 29 NY2d at 150).

Finally, plaintiff is entitled to attorneys' fees and costs associated with defending this appeal pursuant to the terms of the stipulation of settlement, and we remit the matter to Supreme Court to determine the amount of reasonable attorneys' fees incurred (*see John T. Nothnagle, Inc. v Chiariello*, 66 AD3d 1524).

Entered:  February 10, 2011                  Patricia L. Morgan
                                             Clerk of the Court