Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered February 28, 2012, which denied defendant’s motion for attorneys’ fees, reversed, on the law and the facts, without costs, the motion granted, and the matter remanded to Supreme Court for a hearing on the amount of reasonable attorneys’ fees owed to defendant.
In this dispute between defendant shareholder and plaintiff cooperative association, the tenant shareholder’s successful defense against the coop’s action and application for a preliminary injunction warrants an award of attorneys’ fees in his favor (Real Property Law § 234; see Duell v Condon, 200 AD2d 549 [1st Dept 1994], affd 84 NY2d 773 [1995]; Sperling v 145 E. 15th St. Tenants’ Corp., 174 AD2d 498, 499 [1st Dept 1991]).
On August 25, 2011, neighboring tenants of defendant complained of a stench emanating from his apartment. Plaintiffs staff did not first attempt to contact defendant, as per the proprietary lease, which provides for notice and an opportunity to cure any condition or effect repairs prior to entry by the owner,[1] but instead used the spare key at the desk to enter the apartment. Upon discovering that the key opened only the bot *624 tom and not the top lock, plaintiffs staff engaged a locksmith to drill out the lock. Once inside the apartment, plaintiffs staff ascertained that the source of the odor was defendant’s pet cat. The board president instructed a member of the staff to purchase and put in fresh kitty litter. The staff did as they had been instructed and left the apartment, locking the bottom lock.
At the time, defendant was upstate as part of a search and rescue team dispatched in the aftermath of Hurricane Irene. When contacted by the president of the board, on August 26th, he responded that he would return to clean the apartment. Defendant returned on August 27th, at approximately 3:00 a.m., and removed the cat. The night doorman informed the president that defendant had brought the cat downstairs in a carrier. The board president testified that following the removal of the cat, “[t]he odor is dissipating, significantly so.”
Plaintiff coop commenced an action by order to show cause filed on September 1, 2011, together with the summons and complaint, seeking injunctive relief and damages on account of defendant’s alleged violation of the proprietary lease and house rules. Plaintiff sought a preliminary injunction authorizing it to remove “junk and filth” from the apartment, as well as defendant’s “neglected” house cat, which plaintiff believed had been “abandoned” in the apartment “for over a week.” Plaintiff asserted that the conditions present in the apartment “require an imminent and emergency response . . . because [defendant] seems unwilling or unable to address these conditions.”
The court granted the ex parte application for a temporary restraining order pending a hearing on the motion to the extent of allowing plaintiff access to defendant’s apartment to, inter alia, “remove all odor producing garbage and food stuffs as well as waste and areas of infestation.”
Following the hearing, the court denied plaintiffs motion for a preliminary injunction, finding that plaintiff had violated the proprietary lease by failing to give defendant the requisite notice and opportunity to cure before resorting to self-help, as set forth in paragraph 19 of the lease. The court noted that while the affidavits offered by plaintiffs representatives in support of the TRO were “equivocal” as to whether the cat remained in the apartment, the testimony of those same individuals at the *625 hearing unequivocally established that the cat had been removed prior to the time the application for a TRO had been made. The court stated, “So it wasn’t equivocal, it was very clear that the cat had been removed. That was not presented to this court in anticipation of a TRO, there was not written notice followed by a period to cure. Instead you came running to the court.” The court noted that although it had permitted only the removal of organic matter which might have caused the noxious smell, a video recording of the removal showed a “wholesale taking of things . . . not the kind of odor producing organic matter that the court instructed be removed.” The court dismissed the action sua sponte and denied plaintiff’s motion for attorneys’ fees. The court also denied defendant’s application for attorneys’ fees as the prevailing party, opining that “equitable considerations dictate that the instant motion for attorneys’ fees by [defendant tenant] must be denied.”
We now reverse the order, grant the motion, and remand for a hearing on the amount of reasonable attorneys’ fees owed to defendant tenant. Defendant was unquestionably the “prevailing party” under the relevant case law. The court sua sponte dismissed the action upon a finding that plaintiff was not entitled to a preliminary injunction and had in fact breached the lease by failing to give defendant the requisite notice and opportunity to cure before resorting to self-help.
Plaintiff’s reliance on Ram I v Stuart (248 AD2d 255 [1st Dept 1998]), for the proposition that a tenant who breaches the lease is not entitled to an award of attorneys’ fees, even if successful, is misplaced. Assuming, arguendo, that defendant breached the lease and/or house rules (which has not been established),[2] plaintiffs remedy in the event of breach, as set forth in the lease, was to give 10 days’ written notice and an opportunity to cure prior to entering the premises and resorting to self-help. Plaintiff having failed to comply with its duties under paragraph 19, any alleged nuisance in the apartment had not ripened into a breach of the lease.
The testimony was unequivocal that the cat had been removed in the early morning hours of August 27th, shortly after defendant had been contacted by the board president; accordingly, there was no continuing nuisance (and arguably no breach of the proprietary lease) at the time plaintiff made an application for a TRO. Indeed, the court noted that “[p]laintiff’s representations in support of interim relief were not entirely forthright.... Plaintiff made much of the cat being a continu *626 ing source of odors, and alluded to the dangers to the animal itself in not having water and being trapped without care.”
Plaintiff acted improperly by failing to give defendant the requisite notice and opportunity to cure and resorting to self-help before it commenced the action. Plaintiff failed to advise the court that defendant had removed the cat from the premises prior to the making of the motion, thereby ameliorating any alleged nuisance. Because plaintiff disingenuously chose not to disclose significant facts at the time it made an application for a TRO — facts that ultimately came to light during the course of the hearing — plaintiff was required to retain counsel and incur costs in defending the action and opposing plaintiffs motion for a preliminary injunction.
Since the court not only denied plaintiffs action for injunctive relief, but dismissed the action, the ultimate outcome was in defendant’s favor and defendant is entitled to an award of attorneys’ fees (see 25 E. 83 Corp. v 83rd St. Assoc., 213 AD2d 269 [1st Dept 1995]). Concur — Gonzalez, P.J., Renwick and Manzanet-Daniels, JJ.
Mazzarelli and Moskowitz, JJ., dissent in a memorandum by Moskowitz, J., as follows: In my view, defendant is not entitled to an award of attorneys’ fees because he did not prevail in this action. Thus, I respectfully dissent.
Plaintiff 433 Sutton Corp. (the cooperative) is the owner of a cooperative apartment building located in Manhattan. Defendant is a tenant shareholder of the cooperative and resides in an apartment on the third floor of the building, pursuant to his proprietary lease. On August 18, 2011, neighboring tenants on the third floor began complaining of an overpowering stench emanating from defendant’s apartment and throughout the hallway. The tenants reported that they had not seen defendant around the building in weeks and that the odor was growing worse each day.
On August 25, 2011, obtaining no response from inside defendant’s apartment and fearing that he had died in the apartment, plaintiffs president authorized a locksmith’s services, as defendant had not given plaintiff the correct key as the proprietary lease required. Plaintiff’s representatives and the locksmith, in the presence of a police officer, entered the apartment only to encounter an overwhelming, “gag-inducing” stench. They discovered a house cat that had apparently been alone in the apartment for some time without water or a clean litter box; the cat had relieved itself throughout the apartment. Even apart from the cat waste, plaintiffs representatives found the apartment in a “repugnant state,” with mouse droppings *627 on the floor and piles of garbage, papers, clothing and food, leaving only narrow pathways in between. They promptly changed the litter box and left water for the cat. The following day, plaintiffs president spoke with defendant by phone, after locating him upstate. In the early hours of the next morning, August 27, 2011, upon returning to the apartment, defendant removed the cat and some garbage before leaving to go back upstate.
After that, plaintiff cooperative commenced this action for injunctive relief, alleging that defendant’s remedial actions had not eliminated the odor and the apartment remained an immediate and serious health hazard. Plaintiff further alleged that defendant had violated several provisions of the proprietary lease, including paragraph 19 that required him to “keep the interior of the apartment ... in good repair and good condition” and paragraph 17 that prohibited him from doing anything that would “interfere with” or “annoy” other tenants. In addition, plaintiff noted, defendant had violated the building’s “no pet” rule.* Plaintiff requested interim relief consisting of permission to gain access to defendant’s apartment to clean it and to remove all odor-producing garbage, food stuffs, waste and areas of infestation. Despite notice, defendant chose not to appear. On September 8, 2011, following the motion court’s grant of interim relief, plaintiffs representatives, with a professional cleaner, entered the apartment to clean it and to remove all noxious material and filth. Thereafter, the odor dissipated considerably.
On September 26, 2011, after a hearing on the preliminary injunction, the motion court denied plaintiffs application, finding no evidence of continuing harm because plaintiff had removed the odor-producing material and defendant had not returned the cat to the apartment. The court also denied plaintiffs application for attorneys’ fees. Defendant then moved for an award of attorneys’ fees, arguing that, as the prevailing party, he was entitled to an award. The court denied the motion. In doing so, the court found that the nuisance matter had been resolved, and the injunction denied, because plaintiff had entered the apartment to remove the offending material. This result, the court concluded, did not render defendant the prevailing party. The court noted that defendant did not appear at the request for interim relief, but instead chose to fetch the cat from the apartment, leaving plaintiff’s representations uncontested.
*628 Generally, where, as here, a lease provides for the landlord’s entitlement to attorneys’ fees in an action involving the tenant’s breach, the tenant is entitled to a reciprocal award in an action involving the landlord’s breach (see Real Property Law § 234). However, a party may generally recover these fees only if that party “prevails” with respect to the central relief sought (Nestor v McDowell, 81 NY2d 410, 415-416 [1993]), and the judgment must be substantially favorable (Walentas v Johnes, 257 AD2d 352, 354 [1st Dept 1999], lv dismissed 93 NY2d 958 [1999]; Lynch v Leibman, 177 AD2d 453 [1st Dept 1991]; see Pelli v Connors, 7 AD3d 464, 464 [1st Dept 2004] [no party entitled to recover attorneys’ fees where court granted owner access to loft to make repairs, thus resolving controversy, since “mixed outcome . . . was not substantially favorable to either party”]). A court’s determination of whom to accord the status of prevailing party “requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope” (see Excelsior 57th Corp. v Winters, 227 AD2d 146, 147 [1st Dept 1996]).
Courts have discretion to deny attorneys’ fees to a party based on equitable considerations and fairness (see Kralik v 239 E. 79th St. Owners Corp., 93 AD3d 569, 570 [1st Dept 2012]; Solow Mgt. Corp. v Lowe, 1 AD3d 135 [1st Dept 2003]). In my view, the motion court properly exercised its discretion in denying defendant’s application. Indeed, as the court noted, plaintiff received essentially the relief it requested in its application— namely, “permission to enter the apartment . . . and remove the noxious producing organic matter.” Thus, on this basis, it is reasonable to conclude that plaintiff substantially prevailed, notwithstanding the court’s ultimate dismissal of the action.
Defendant and the majority insist that defendant was the prevailing party, focusing on plaintiffs alleged violation of the notice and cure provisions of the proprietary lease and the motion court’s dismissal of the action. However, although it failed to follow the notice and cure procedures before initially entering defendant’s apartment, plaintiff was faced with an emergency situation that defendant himself brought about with his own violations of the lease. As the motion court explained, “plaintiff was forced to take action to protect complaining neighbors from what was described as ‘this stench [that] had started a week prior and had grown progressively worse during the course of that week.’ ” Indeed, not only was the odor emanating from defendant’s apartment because he had left the cat, but also because of the presence of the odor-producing organic matter throughout the apartment, as illustrated in photographs and a video recording in the record.
*629 In any event, contrary to the majority’s assertion that the motion court denied the preliminary injunction because plaintiff breached the notice and cure provisions of the lease, the court actually denied that relief, as it restated in its February 28, 2012 order, because plaintiff had removed the “noxious causing matter” and “there was no demonstrated continuing harm.” Accordingly, under the circumstances of this case, I see no reason to overturn the motion court’s sound decision based on equitable considerations.

. Paragraph 19 of the proprietary lease, which governs interior repairs, provides that the lessee shall keep the interior of the apartment, including *624 walls, floors and ceilings in good repair and condition. The paragraph further provides that in the event of “the refusal or the neglect of the Lessee, during ten days after notice in writing from the Lessor, to make such repairs or to restore the apartment to good condition, such repairs of restoration may be made by the Lessor, which shall have the right... to enter the apartment for that purpose.”

. Plaintiff maintains that defendant is responsible for a continuing nuisance and for harboring a cat without permission.

 The lease also includes notice and cure provisions for the coop to follow, in the event of a tenant’s violation.