■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN TAYLOR, Appellant. [996 NYS2d 201]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Renee A. White, J.), rendered on or about November 29, 2011, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur— Tom, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.

■ JUDITH ANN ABRAMS, Respondent-Appellant, v 4-6-8, LLC, et al., Appellants-Respondents. [996 NYS2d 526]—Order of the Appellate Term of the Supreme Court, First Department, entered December 28, 2012, which affirmed a judgment of the Civil Court, New York County (David B. Cohen, J.), entered on or about January 28, 2010, after a nonjury trial, dismissing the petition, and reversed a judgment, same court (David J. Kaplan, J.), entered March 21, 2011, after a hearing, awarding respondents 4-6-8, LLC, Transrealty Inc. and Michael King (the owner) attorneys' fees, unanimously affirmed, without costs.

Dismissal of the petition was based on a fair interpretation of the evidence, consisting largely of credibility findings with respect to the parties' experts. The owner was the prevailing party in having obtained dismissal (*see Solow v Wellner*, 205 AD2d 339 [1st Dept 1994], *affd* 86 NY2d 582 [1995]). However, its claim for attorneys' fees was properly denied, this matter having been unnecessarily prolonged by both sides (*see Solow Mgt. Corp. v Lowe*, 1 AD3d 135 [1st Dept 2003]).

We do not reach the collateral issue regarding the interpretation of the attorneys' fees provision of the lease because it was not raised at the trial level.

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.