Dunbar Owner LLC, Petitioner-Landlord-Appellant, 
against
Judith Jones, Respondent-Tenant-Respondent.



Landlord appeals from (1) a final judgment of the Civil Court of the City of New York, New York County (Phyllis K. Saxe, J.), entered on or about October 1, 2014, after a nonjury trial, which dismissed the petition in a nonpayment summary proceeding and awarded tenant a net money judgment in the principal sum of $10,554.58 on her first counterclaim and (2) a judgment (same court and Judge) entered December 18, 2014, after a hearing, which awarded attorneys' fees to tenant in the sum of $15,158.50.




Per Curiam.
Final judgment (Phyllis K. Saxe, J.), entered on or about October 1, 2014, and judgment (same court and Judge) entered December 18, 2014, affirmed, with one bill of $25 costs.
Upon review of the trial record, we are satisfied that the trial court properly resolved the habitability issues litigated below, and that a decrease in the amount of the abatement award in tenant's favor is unwarranted. There is ample evidence, including photographs and New York City Department of Housing Preservation and Development inspection reports, to support the finding that tenant had a "completely unusable bathroom," a broken kitchen sink and living room window, and was subjected to recurrent leaks and a rodent and vermin infestation. The evidence also supports a finding that landlord and its predecessor had notice of the conditions. 
The amount of the habitability abatement for the relevant periods, although substantial, was within reasonable limits, given the severity of the conditions and the largely unrefuted evidence elicited by the tenant as to the duration of the conditions (see Park W. Mgt. Corp. v Mitchell, 47 NY2d 316 [1979], cert denied 444 US 992 [1979]). The increase in the abatement for period after November 2012 was supported by evidence of additional violations in the premises.
Contrary to landlord's claim, its liability for a breach of the warranty of habitability is not limited to the period after it purchased the building. In this regard, the relevant closing documents expressly indicate that landlord acquired the property in June 2013 subject to existing tenancies (see Stasyszyn v Sutton E. Assoc., 161 AD2d 269, 272 [1990]; Tehan v Peters Print. Co., 71 AD2d 101, 104 [1979]; see also Real Property Law § 223). Nor should the abatement be limited to the amount of unpaid rent sought by landlord (see Alp Realty Corp. v Huttick, 160 Misc 2d 76 [1994]).
We also agree that tenant is the prevailing party entitled to legal fees pursuant to the lease [*2]and the reciprocal provisions of Real Property Law § 234 (see Solow v Wellner, 205 AD2d 339, 340 [1994], affd 86 NY2d 582 [1995]). We note that landlord does not challenge the amount of the attorneys' fees award.
THIS CONSTITUTES THE DECISION AN ORDER OF THE COURT.
I concur I concur 
Decision Date: January 25, 2017