Koretz v 363 E. 76th St. Corp. (2019 NY Slip Op 08637)





Koretz v 363 E. 76th St. Corp.


2019 NY Slip Op 08637


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Friedman, J.P., Oing, Singh, Moulton, JJ.


10472 656255/17

[*1] James Koretz, Plaintiff-Appellant-Respondent,
v
363 East 76th Street Corporation, Defendant-Respondent-Appellant.


Wagner, Berkow & Brandt, LLP, New York (Bonnie Reid Berkow of counsel), for appellant-respondent.
Cullen and Dykman LLP, Garden City (Jennifer A. McLaughlin of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered April 23, 2018, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the claim for breach of the covenant of quiet enjoyment based on an actual or constructive eviction from the apartment and the claim for a permanent injunction, and denied the motion as to the breach of contract claim and the claims for breach of the covenant of quiet enjoyment and private nuisance based on dust, debris, noise, and vermin, unanimously modified, on the law, to deny the motion as to the claims for breach of the covenant of quiet enjoyment and private nuisance based on an actual or constructive eviction from the apartment and the claim for a permanent injunction, and otherwise affirmed, without costs.
The motion court correctly declined to dismiss the breach of contract claim on the ground that the Supplement to the Proprietary Lease (the Supplement), which provides that plaintiff "shall continue to have the right to use the existing separate entrance to the apartment located on the southerly side of the building," is sufficiently ambiguous to permit the introduction of extrinsic evidence to discern the parties' intent as to whether plaintiff has the exclusive right to use the garden area (Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 60 AD3d 61, 66 [1st Dept 2008], affd 13 NY3d 398 [2009]). Neither the Proprietary Lease nor the Supplement defines the terms "existing separate entrance" or plaintiff's right to "continue ... to use" the existing separate entrance, and neither specifies the manner in which plaintiff had been using it.
The part of the claim for breach of the covenant of quiet enjoyment based on an actual or constructive eviction from the apartment should not be dismissed (see Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 82-83 [1970]; Eastside Exhibition Corp. v 210 E. 86th St. Corp., 23 AD3d 100, 102, 105 [1st Dept 2005]; Washburn v 166 E. 96 St. Owners Corp., 166 AD2d 272 [1st Dept 1990]). Plaintiff alleges that the erection of the large handicap ramp and the walls covering a large portion of the private garden entrance effectively ousted him from physical possession of the garden portion of the premises, which was an unlawful interference with his beneficial use of the property. The Supplement provides that plaintiff will continue to have the right to use the separate entrance and that defendant will not prevent him from doing so.
The court correctly declined to dismiss the claims for breach of the covenant of quiet enjoyment and private nuisance to the extent they are based on dust, debris, noise, and vermin (see Berenger v 261 W. LLC, 93 AD3d 175, 182 [1st Dept 2012]). Plaintiff alleges that he actually vacated the apartment for two weeks in July 2016 due to its condition in the wake of defendant's construction activities. Defendant cites paragraph 29(a) of the Proprietary Lease, which provides that defendant will not be liable for "interference with light, air, view or other interests" of plaintiff, "except by reason of [its] negligence." Construing the complaint liberally and accepting the facts alleged as true, the court correctly determined that the complaint pleads a claim for negligence.
The claim for a permanent injunction should not be dismissed. It is well settled that real property and the shares of stock allocated to a cooperative apartment are "unique" and therefore subject to injunctive relief (see Dinicu v Groff Studios Corp., 257 AD2d 218, 223 [1st Dept 1999]).
We have considered defendant's remaining contentions for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK