Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 24, 2013, which denied plaintiffs motion for summary judgment as to liability on her rent overcharge claim and a declaration that she is entitled to a rent-stabilized lease, unanimously reversed, on the law, without costs, the motion granted, and it is declared that plaintiff is entitled to a rent-stabilized lease.
Defendants failed to raise an issue of fact in opposition to plaintiff’s prima facie showing that they did not make sufficiently costly improvements to her rent-stabilized apartment to permit them to remove the apartment from rent regulation (see Administrative Code of City of NY §§ 26-504.2, 26-511[c] [13]). To increase the rent over the demonstrated legal regulated *542 rent, defendants would have had to make $53,541.60 worth of improvements. However, their own contractors’ invoices show only approximately $33,200 worth of renovations. While defendants’ employee’s affidavit in opposition stated that more than $55,000 had been spent on the improvements, the employee was not a person with knowledge of the facts, and her statement was unsupported by any admissible evidence, such as affidavits by the various vendors she claimed would testify to additional improvements at trial, and devoid of an explanation of why they are not now available (see Castro v New York Univ., 5 AD3d 135 [1st Dept 2004]; CPLR 3212 [b]).
Defendants failed to show that they needed further discovery, especially since they are not seeking any records from plaintiff, and they had 17 months to search their own records (see Bailey v New York City Tr. Auth., 270 AD2d 156 [1st Dept 2000]; CPLR 3212 [f]). Concur — Mazzarelli, J.R, Andrias, DeGrasse and Clark, JJ.