Smoke v Windermere Owners, LLC (2019 NY Slip Op 04760)





Smoke v Windermere Owners, LLC


2019 NY Slip Op 04760


Decided on June 13, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2019

Friedman, J.P., Sweeny, Kapnick, Kahn, Singh, JJ.


113051/11 -106532/11 -7935 7934 7933 7932

[*1]Gary Smoke, Plaintiff-Respondent,
v
Windermere Owners, LLC, et al., Defendants-Appellants.
Luissa Chekowsky, Plaintiff-Respondent,
v
Windermere Owners, LLC, et al., Defendants-Appellants.


Rosenberg Feldman Smith, LLP, New York (Richard Bruce Feldman of counsel), for appellants.
Marc Bogartin, New York, for respondents.



Judgments, Supreme Court, New York County (Lucy Billings, J.), entered October 26, 2017 and October 30, 2017, awarding, inter alia, treble damages to plaintiffs against defendants, unanimously affirmed, and the matter remanded for a determination and award to plaintiffs of their reasonable attorneys' fees and costs in connection with these appeals. Appeals from order, same court and Justice, entered October 18, 2017, which, after a nonjury trial, directed entry of judgments in favor of plaintiffs, unanimously dismissed, without costs, as subsumed in the appeals from the judgments.
In the Smoke action, by order entered December 30, 2014, Supreme Court granted plaintiff's motion on the issue of liability on his rent overcharge claim. In Chekowsky, this Court reversed the order of Supreme Court entered July 24, 2013, denying plaintiff's motion for summary judgment on liability on her rent overcharge claim, and granted her motion (Chekowsky v Windemere Owners, LLC, 114 AD3d 541, 541 [1st Dept 2014]). Both cases were consolidated for trial on the issue of whether plaintiffs were entitled to treble damages due to defendants' willfulness in overcharging plaintiffs. Because the issue of defendants' liability on the rent overcharge claims in both cases has already been determined, the sole issue presented on this appeal is whether the trial court's finding of willfulness was correct.
Defendants failed to overcome the presumption of willfulness arising from the rent overcharges and removal of plaintiffs' apartments from rent regulation (see Matter of Tockwotten Assoc. v New York State Div. of Hous. & Community Renewal, 7 AD3d 453, 455 [1st Dept 2004]; see also Adria Realty Inv. Assoc. v New York State Div. of Hous. & Community Renewal, 270 AD2d 46 [1st Dept 2000]). Neither defendant called a witness or presented other evidence showing that it had no reason to believe that the overcharges were improper. While Windermere Owners LLC (Owners) was not the landlord when the apartments were improperly removed from rent regulation, it did not show that the prior owner, Windemere Chateau, Inc. (Chateau), failed to provide it with the relevant records or that it relied on statements made to it by Chateau. Indeed, Owners had provided evidence of individual apartment improvements at an earlier stage in the proceedings, demonstrating that it had records relating to renovations in the apartments, [*2]which it presumably obtained from Chateau. Nor was evidence presented that any invoices relating to claimed improvements in the apartments were missing.
Defendants offer no authority to support their contention that the severe penalty of treble damages is reserved for landlords that systematically and deliberately charge unlawful rents. Treble damages are mandated where the landlord fails to refute the presumption of willfulness, whether the overcharge was systematic or a one-time event (see Administrative Code of City of NY § 26-516[a]).
Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs in responding to these appeals (see Washburn v 166 E. 96th St. Owners Corp., 166 AD2d 272 [1st Dept 1990]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 13, 2019
CLERK